## No. 2356.

69   341
80   343

### MARY STEPHENS ET AL. V. J. L. MATHEWS HEIRS.

1. EVIDENCE.—A deed to land which is not homestead, when signed by the husband and wife, if not properly acknowledged by the wife, is admissible in evidence in a suit against them to pass the community interest of both, and such separate estate as the husband may have in the land. If the wife has also a separate interest in the land, it is the duty of the court to limit the effect of the introduction of the deed in the charge to the jury.

2. VENDOR'S LIEN—LIEN.—Though the assignee of a note secured by lien on land may enforce the lien, the holder of such note given for purchase money of land and secured by express lien, he not being the vendor, has by virtue thereof no title to the land, and the fact that the note is barred by limitation can not confer on such holder a right he did not possess before the note was barred; such holder has neither a right to the land nor a right to enforce collection of the note when limitation is pleaded.

3. SAME.—The vendor of land, when an express lien for purchase money is reserved, retains the legal title, and may enforce payment under decree by sale of the land, or if there be no equitable reasons to forbid, may cancel the executory contract for sale, even after limitation has barred a recovery on the notes, for non payment of purchase money; but the endorsee of a purchase money note can neither cancel the contract of sale or recover the land for non payment of the contract price. If limitation runs against a note in the hands of such endorsee his remedy is gone.

APPEAL from Van Zandt.    Tried below before the Hon. Felix J. McCord.

*Alexander Burge* and *R. T. Yantis,* for appellant: When an absolute deed for land is made by the vendor the vendors's lien for unpaid purchase money can not be enforced after the debt is barred by limitation.    (Pitschke et al. v. Anderson, 49 Texas, 1; Elliott v. Blanc, 54 Texas, 217.)

The superior title that remains in the vendor of land for the unpaid purchase money is not assignable by a transfer of the debt.    (Cassaday v. Frankland, 55 Texas, 452; Cassaday v. Frankland, 62 Texas, 418; Cassaday v. Frankland, 1 U. C., 538; Baker v. Compton, 52 Texas, 252; Elliott v. Blanc, 54 Texas, 217.)

The superior title that remains in the vendor of land for the

unpaid purchase money is not assignable by a transfer of the debt and does not pass by a transfer of the debt. (Cassaday v. Frankland, 55 Texas, 452; Cassaday v. Frankland, 62 Texas, 418; Cassaday v. Frankland, 1 U. C., 538; Elliott **v. Blanc, 54 Texas,.** 217; Baker **v.** Compton, 52 Texas, 252.)

No brief on file for appellee.

STAYTON, ASSOCIATE JUSTICE.    J. L. Mathews brought this action against C. L. Stephens and the heirs of Margaret Love on April 16, 1883.   The action is founded on a lost note alleged to have been executed by C. L. Stephens and Margaret Love to J. Russell on February 25, 1876, which was claimed to be due about January 1, 1880, but shown by the proof to have matured January 1, 1877.   Mathews became the owner of the note in February, 1882, and it was alleged that it was given to secure a part of the purchase money of a tract of land described in the petition sold by Russell to C. L. Stephens and Margaret Love,. and that on the land an express lien was reserved.   If this was so, it was on the face of the note, for the deed from Russell recited a full payment for the land.

The petition prayed for judgment on the note and foreclosure of the lien, or, in case this could not be given, that the plaintiff have judgment for the land.   The petition also alleged that C. L. Stephens and his wife Mary, who was one of the heirs of Margaret Love, executed a deed to him for their interest in the land on July 18, 1881, and under this, title to the land was asserted. J. L. Mathews died, and his heirs made themselves parties plaintiff.

The defendants pleaded the statutes of limitation to the note, denied the averments of the petition, and also set up matters in avoidance of the deed alleged to have been executed by some of the defendants to J. L. Mathews.   When the deed from C. L. and Mary Stephens was offered in evidence, it was objected to on the ground that it was not acknowledged by Mary Stephens as deeds are required to be, to pass title to the separate estate of a married woman.   The deed was not so acknowledged, and as the only claim Mary Stephens held was through inheritance from her mother, whatever that amounted to was her separate estate, and it could not be divested by a deed not acknowledged by her as the statute requires.   The deed, however, was admissible as against C. L. Stephens, and if not defeated by matters

pleaded in avoidance of it, would pass whatever interest Stephens and wife held in community right, and whatever separate right he may have had, the land not being occupied as a homestead at the time that deed was made. The general objection made to the deed was correctly overruled, as it was admissible for the purpose mentioned, and Mrs. Stephens should have asked an instruction to the effect that the deed could not affect any right she may have inherited from her mother, if she thought the charge given by the court as to this matter was not sufficiently explicit.

The court instructed the jury correctly as to the period that would bar a recovery on the note, and informed them that no moneyed judgment could be rendered against the defendants if the jury believed that the note was barred.

The verdict was as follows: "We, the jury, find verdict in favor of the plaintiffs, granting recovery and possession of the land claimed by plaintiffs," and on this a judgment was entered for the plaintiffs for the land. A motion for new trial was filed and overruled. One of the grounds of the motion was that the plaintiffs as the assignees of a note given for the purchase money of land, was not entitled to a judgment for the land. A further ground was that the court erred in instructing the jury, in effect, that the plaintiffs and assignors of the purchase money notes were entitled to recover the land if an express lien was reserved by the vendor at the time of the conveyance to Stephens and Mrs. Love. Immediately after instructing the jury that the plaintiffs could not recover on the note if it was barred by the statutes of limitation, the court gave the following charge: "If the proof shows that J. Russell sold the land to Stephens and Mrs. Love, and he made a deed to the same, and nothing in said deed said about unpaid purchase money or vendor's lien, but simultaneously with the execution of the deed the defendants executed a note to Russell in which a vendor's lien was expressed in said note on said land, then such an expression in the note would retain the lien on the same and would pass to the purchaser of said note, and though said note may be barred plaintiffs could recover the same."

It is somewhat difficult to understand what was meant by this charge. It might be construed to mean that the plaintiffs were entitled to recover on the note if secured by an express lien, although it was barred by limitation, but for the preceding charge which informed the jury that plaintiffs were not entitled

to recover, in any event, on the note if it was barred. The jury evidently understood the charge to entitle the plaintiffs to recover the land if they were the holders of a purchase money note secured by an express lien, the note being barred by limitation. The charge is susceptible of this construction, and the verdict, entry of a judgment in favor of the plaintiffs for the land, and the action in overruling the motion for new trial, evidence the fact that the jury so understood the charge, and the further fact that the court so intended the charge to be understood. It is true that the assignee of a note secured by lien may enforce the lien, but it has never been held that the holder of a note given for the purchase of land and secured by an express lien, he not being the vendor, has any title whatever to the land, and the fact that the note is barred by limitation can not confer upon such a holder a right he would not have if the note was not barred.

The indorsee or asignee of such a note, when barred by limitation, has neither a right in nor to the land for which it was given, nor a right to collect the note, if its maker interposes the plea of limitation. His right in such case is gone.

The vendor of land sold on a credit, where an express lien is reserved, is held to retain the legal title, and he may enforce payment of the purchase money by a sale of the land under decree; or, in the absence of equitable consideration forbidding it, he may cancel the executory contract of sale; but an indorsee or assignee of one or all the purchase money notes has no right to cancel the contract of sale or to recover the land in default of payment of the purchase money. His sole right is to have the land sold and its proceeds applied to the satisfaction of the purchase money notes held by him; and if he fails to do this before the notes are barred, like the holder of any other lien, his right will be gone if the maker of the note relies upon the bar of limitation. The vendor of land, by an executory contract, being the holder of a legal title, is not confined to one remedy as is a person to whom he may transfer purchase money notes, and he may cancel the contract of sale and recover the land, although the purchase money notes may be barred by limitation; but this results from the fact that he has never ceased to hold the superior title to the land.

The appellees show no right whatever to recover all the land in controversy. Whatever right they may have to recover any part

of the land, so far as the record before us shows, rests on the deed made to their ancestor by C. L. Stephens and his wife.

The charge given was erroneous, and a new trial should have been granted, and, for the error of the court in refusing it, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 18, 1887.