R. B. GODLEY LUMBER CO. v. SLAUGHTER et al. (No. 1358.)†

(Court of Civil Appeals of Texas. Texarkana. Nov. 23, 1914. Rehearing Denied Dec. 3, 1914.)

1. VENDOR AND PURCHASER (§ 261*)—VENDOR'S LIEN — ASSIGNMENT — TRANSFER OF TITLE TO LAND.

The assignee of a vendor's lien note without an assignment of the title to the land is

---

not entitled to have the legal title to the land decreed to be in him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. § 261.*]

2. VENDOR AND PURCHASER (§ 261*)—DEBTS SECURED BY VENDOR'S LIEN—TRANSFER—EFFECT.

Transfer of a debt secured by a vendor's lien transfers the lien, but not the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. § 261.*]

3. VENDOR AND PURCHASER (§ 261*)—VENDOR'S LIEN—ASSIGNMENT—TRANSFER OF LAND.

Where a vendor assigned a note for a part of the purchase price secured by a vendor's lien, together with all his right, title, and interest in the land to an insurance company, but such company, in reassigning to plaintiff's assignor, only assigned without recourse the note and lien on the land to secure payment of the same, neither plaintiff nor his assignor acquired any title to the land; and hence plaintiff could only recover his debt and have a decree foreclosing the lien, and not a decree vesting the title in him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–686, 688–695; Dec. Dig. § 261.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by C. C. Slaughter, Jr., and others against the R. B. Godley Lumber Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered in part and affirmed in part.

T. N. Jones, of Tyler, and Charlton & Charlton, of Dallas, for appellant. K. R. Craig, of Dallas, for appellees.

LEVY, J. On April 12, 1913, the appellee Slaughter filed his original petition in the district court of Smith county to recover on a vendor's lien note for $11,329.30, together with interest and attorney's fees; and further to recover on another note for the same amount, together with interest and attorney's fees, alleged to be secured by a lien evidenced by a deed of trust on the same land for which the first note mentioned was given as a part of the purchase money; and further to recover a judgment for certain advances made to the defendant lumber company amounting to $600.16. The plaintiff prayed for judgment with foreclosure of the vendor's lien which secured the first note, and for judgment with foreclosure of the deed of trust lien securing the second note, and for judgment with decree of an equitable lien on the land for the payment of the open account, and for order of sale and writ of possession. Appellant lumber company, the maker of the notes, filed a general denial and special answer on July 1, 1913. Curtis Hancock, as receiver, appointed by the district court of Dallas county, of all the property of the lumber company, filed a petition in the case alleging the facts with reference to his appointment as receiver, and asked that he be permitted to intervene in the cause. On September 1, 1913, W. M. C. Hill, who had been appointed trustee in bankruptcy for the lumber company by the federal District Court at Dallas, intervened and became a party to the suit, though afterwards this intervention was dismissed. On February 3, 1914, the plaintiff amended his original petition and changed his cause of action from one to foreclose the vendor's lien to a cause of action in trespass to try title to recover the land, and changed the cause of action, in so far as it sought to obtain a foreclosure of the mortgage lien, to one praying that the debt be established as one secured by a mortgage lien, and to have the taxes paid fixed as a lien.

The case was tried to the court without a jury, and a judgment rendered for the plaintiff for the land, and also decreeing that the mortgage debt was established and secured by a mortgage lien. As no point on appeal is made in respect to the mortgage debt and judgment thereof, it is unnecessary to make a statement of the evidence in respect thereto.

The plaintiff introduced in evidence a deed from W. L. Noble to the Godley Lumber Company to the land described in the petition, which he recited as a part of the consideration or purchase money, a note for $11,329.30, expressly reserving a vendor's lien on property to secure the payment of the note. The note, being in evidence, recited on its face that it retained a vendor's lien to secure the payment. The deed and the note were dated December 5, 1906, and the note was due five years after date. Plaintiff introduced a conveyance from W. L. Noble, the vendor, to the Kansas City Life Insurance Company, dated September 29, 1908, by which Noble conveyed to the lumber company the vendor's lien note executed by the lumber company to him for a part of the purchase money for the land. The conveyance states, among other things:

"And whereas, Kansas City Life Insurance Company, a corporation of Kansas City, in the county of Jackson and state of Missouri, has this day paid to said W. L. Noble the principal amount of the said note with accrued interest thereon, the receipt whereof is hereby acknowledged, in consideration of the said payment, I, the said W. L. Noble, of Dallas county, Tex., do hereby sell, assign, and set over the said note, indebtedness and vendor's lien upon the said land unto said Kansas City Life Insurance Company; and I, the said W. L. Noble, do also bargain, sell, and convey unto the said Kansas City Life Insurance Company all of my right, title, and interest whatsoever in and to the above-described premises, to have and to hold the said indebtedness, note, and lien, and also all the right, title, and interest of the said Noble in and to the said land, unto said Kansas City Life Insurance Company, its assigns and successors forever."

On December 21, 1911, the Kansas City Life Insurance Company executed a conveyance to C. C. Slaughter, which, after describing the note and the amount thereof, says:

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

"Now, therefore, for and in consideration of the sum of eleven thousand eight hundred and ninety-five and $76/100$ dollars ($11,895.76), the said Kansas City Life Insurance Company hereby transfers and delivers to said C. C. Slaughter, of Dallas county, Tex., said note and the lien on said land to secure the payment of same, said note being indorsed 'without recourse' on the said Kansas City Life Insurance Company; the title to which lien said Kansas City Life Insurance Company hereby warrants and defends in, through, or by it—the warranty only affects the lien as to the ownership of this company, and no further."

There is no other clause of conveyance except as it reads above.

On April 11, 1913, C. C. Slaughter executed a conveyance to C. C. Slaughter, Jr., which, among other things, says:

"And whereas, I, the said C. C. Slaughter, for a valuable consideration to me paid, have sold, assigned, indorsed, and transferred said note to C. C. Slaughter, Jr., of Dallas county, Tex. Now, therefore, in consideration of the premises, I do hereby grant, bargain, sell, and convey unto the said C. C. Slaughter, Jr., the vendor's lien as retained as aforesaid in said deed from W. L. Noble to R. B. Godley Lumber Company hereinbefore set out on the lands described in said deed, hereby warranting the title to said lien on said lands to the said C. C. Slaughter, Jr., his heirs and assigns."

There is no other clause of conveyance, except as it reads above.

The note offered in evidence has the following indorsements:

"The within note is hereby assigned to the Kansas City Life Insurance Company, the consideration therefor being a full-paid life policy for $11,000 issued this day by the assignee to the assignor.
                      . "[Signed]  W. L. Noble.
"September 30, 1908.
"Pay to the order of C. C. Slaughter without recourse.
"[Signed]  Kansas City Life Insurance Co.,
                      "By F. W. Fleming, Vice Pres.
"Without recourse on me, either in law or in equity, for value received, I hereby transfer the within note, with all liens on property connected with securing the payment thereof, to C. C. Slaughter, Jr., or order.  April 1st, 1913.
                      "[Signed]  C. C. Slaughter."

The above instruments are all the evidence introduced by appellee in the trial of the cause pertaining to the title to the land in suit.

Opinion.

[1] The appellant makes the point, by proper assignments, that, the plaintiff Slaughter not having acquired the superior legal title to the land, he could not, upon default in the payment of the note held by him, rescind the contract of sale and recover the land. It is well settled by the decisions of this state that the assignee of a vendor's lien note without transfer to him of the superior title to the land is not entitled to have the legal title to the land decreed to be in him. Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027; Hamblen v. Folts, 70 Tex. 133, 7 S. W. 834; Hatton v. Bodan Lbr. Co., 57 Tex. Civ. App. 478, 123 S. W. 163; Stephens v. Mathews' Heirs, 69 Tex. 341, 6 S. W. 567.

[2] And it is further well understood that the effect of the transfer of the debt is to have the lien or security follow the debt as a part of the transfer of the debt. And it is still further held by the courts that, though the lien follows the transfer or assignment of the note or debt, the assignee acquires no interest thereby in the land, and cannot recover the land unless he has acquired the legal title. Stephens v. Mathews' Heirs, supra.

[3] In view of this settled rule of law, the question need only be considered of whether or not in this case, which is an action for the land, and not one for foreclosure of the lien, the evidence shows that the plaintiff acquired the superior title to the land. W. L. Noble conveyed the land to the Godley Lumber Company, and expressly retained a vendor's lien to secure a note given in part payment of the purchase money. Noble, the vendor, for a valuable consideration assigned and delivered the note to the Kansas City Life Insurance Company, and such vendor, Noble, at the same time also executed a written conveyance to the said insurance company stating that for the consideration given—

"I, the said W. L. Noble, of Dallas county, Tex., do hereby sell, assign, and set over the said note, indebtedness, and vendor's lien upon the said land unto the said Kansas City Life Insurance Company; and I, the said W. L. Noble, do also bargain, sell, and convey unto the said Kansas City Life Insurance Company all of my right, title, and interest whatsoever in and to the above-described premises, to have and to hold the said indebtedness, note, and lien, and also all the right, title, and interest of the said Noble in and to the said land, unto said Kansas City Life Insurance Company, its assigns and successors forever."

It is not doubted that this conveyance by its terms passed to the life insurance company the superior title of the vendor. The Kansas City Life Insurance Company thereafter, for a valuable consideration, transferred "without recourse" and delivered the note to C. C. Slaughter, and at the same time the Kansas City Life Insurance Company executed a written instrument providing that for the consideration given—

"the said Kansas City Life Insurance Company hereby transfers and delivers to said C. C. Slaughter, of Dallas county, said note and the lien on said land to secure the payment of same, said note being indorsed 'without recourse' on the said Kansas City Life Insurance Company; the title to which lien said Kansas City Life Insurance Company hereby warrants and defends in, through, or by it—the warranty only affects the lien as to the ownership of this Company."

If this paragraph, being the only one therein pertaining to the subject-matter of sale, does not by its terms pass the superior title, then C. C. Slaughter did not acquire the same. The conveyance undertakes to pass the "said note and the lien on said land to secure the payment of same." It is believed that the life insurance company by terms of the conveyance has parted, and in-

tended only so to do, with its title to the note and lien expressly reserved in the deed to secure same, and has not parted nor undertaken to part with the title to the land itself. The language of the instrument defines "the lien" passed as being the lien securing the note in "the payment of same." An assignment of the debt, as the instrument does, legally entitled the assignee to the benefit of the security, and the parties were intending this effect evidently by the instrument. Defining, as the instrument does, the "lien" intended to be passed, as being that lien expressly given as a security for the debt, it would be inconsistent with this contractual stipulation of the parties to extend by construction the meaning of the word "lien" to confer and include any right of title to the land itself. A lien upon land does not import more than security, and is legally distinguishable from a sale of the land itself.

The instrument from C. C. Slaughter to plaintiff in this suit provided that, for the consideration given, C. C. Slaughter does "hereby grant, bargain, sell, and convey unto the said C. C. Slaughter, Jr., the vendor's lien as retained as aforesaid in the deed from W. L. Noble to R. B. Godley Lumber Company, hereinbefore set out, on the lands described in said deed, hereby warranting the title to said lien on said lands to the said C. C. Slaughter, Jr., his heirs and assigns." This conveyance, as seen, passes, and intends to pass, by its language only the lien retained in the deed to secure payment of the note, and does not pass nor intend to pass any interest in the land itself. There is no evidence in the record showing that appellee acquired the superior title to the land, and, failing in such proof, could not, in this action to recover the land, have decreed in him title to the land.

The judgment in his favor for the land must be reversed and here rendered in favor of appellant. As that portion of the judgment establishing the mortgage debt and lien in favor of appellee is not questioned nor complained of by any assignment, it will remain undisturbed, and such portion of the judgment will be affirmed. The cost of appeal will be taxed against appellee Slaughter.

Reversed and rendered in part and affirmed in part.