## H. J. McMULLEN & CO. v. HAMMANN et al.
### No. 991.

Court of Civil Appeals of Texas. Waco.
Jan. 15, 1931.

Rehearing Denied Feb. 5, 1931.

Phillips, Trammell, Chizum, Price & Estes and Chas. L. Terry, all of Fort Worth, for appellant.

Mayer & Rowe and Stanley Bransford, all of Fort Worth, for appellee Hammann.

GALLAGHER, C. J.

Appellee Henry Hammann, on September 14, 1929, instituted this suit against Arthur

E. Smith and wife, Myrtle Mae Smith, to recover the balance due on a promissory note dated July 17, 1919, in the principal sum of $2,200, with interest from date at the rate of 8 per cent. per annum and for 10 per cent. additional on the amount due as attorney's fees. Said note was by its terms payable in monthly installments of $15 each, together with all interest accrued on the principal sum to such date; the first of said installments being due August 10, 1919, and one each month thereafter. Said note further provided for accelerated maturity at the option of the holder upon default of any payment. Appellee also sought foreclosure of a deed of trust lien on a certain lot of land in the city of Fort Worth. He also sued for the sum of $450.12 paid by him in discharge of state, county, and city taxes on said lot, and claimed subrogation to the tax lien securing the taxes so paid. Appellee made H. J. McMullen & Co., a corporation, and others not necessary to mention, parties defendant in said suit, and alleged that they and each of them were asserting some claim against said property, the exact nature of which was unknown to him. Appellee Arthur E. Smith and wife filed an answer, consisting merely of a general demurrer and denial.

Appellant, H. J. McMullen & Co., in reply to plaintiff's petition, filed a general demurrer and denial, and, in addition thereto, filed a cross-action against appellee and all its codefendants, in which it alleged that Smith and wife, on November 20, 1926, executed and delivered to A. B. Sibbett their certain mechanic's lien note for the sum of $239, payable in thirty-eight monthly installments of $6.85 each, the first of said installments being due February 1st, 1929, and a like installment due on the same day of each month thereafter, with interest at the rate of 7 per cent. per annum, payable monthly, and providing for the payment of 10 per cent. additional as attorney's fees in case of suit, and for accelerated maturity at the option of the holder upon default of any payment. Appellant admitted that the sum of $58.25 had been paid thereon. Appellant further alleged that said note was secured by a good and valid mechanic's lien fixed upon said lot in accordance with the Constitution and laws of the state. Appellant alleged that said note and lien had been for a valuable consideration transferred to it by said Sibbett. It further pleaded the statute of four years' limitation against all installments of principal and interest on the note sued on by appellee which were more than four years past due at the time he exercised his option to declare his entire note due and filed suit thereon. Appellant further alleged that it held, under the Constitution and laws of this state, a first and superior lien on the improvements made upon said lot in consideration of the note and lien sued on by it; that such improvements were then and there of the reasonable value of $239, and that the value of said lot had been enhanced by the making of said improvements in said sum; that without said improvements the lot and other improvements thereon were worth the sum of $1,500 only, but that, including said improvements, said lot with all improvements thereon was worth the sum of $1,739. Appellant further alleged that said improvements consisted of concrete and cement work, and that the value of the same would be entirely destroyed if the same were removed from said lot. Appellant prayed for judgment for the balance due on its note, for foreclosure of its mechanic's lien, for the sale of said lot and all improvements thereon as a whole, and pro rata division of the proceeds of the sale thereof between it and appellee.

None of the other parties to the suit asserted or established any rights in the premises, and further mention of such parties is unnecessary.

The case was tried by the court, and judgment rendered in favor of appellee against said Arthur E. Smith for the sum of $2,162.50 principal and interest, $216.25 attorney's fees, and the further sum of $450.02 for taxes paid by him, amounting in the aggregate to $2,828.77, and for foreclosure of deed of trust and vendor's lien on said lot to secure the same, and declaring appellee also subrogated to the tax lien securing the sum paid by him as taxes on said lot as aforesaid and foreclosing such lien. Judgment was also rendered in favor of appellant against said Arthur E. Smith for the sum of $243.06 principal and interest and $24.31 attorney's fees, amounting in the aggregate to $267.37, and establishing and foreclosing a mechanic's lien on said lot to secure the payment of same, but declaring said lien inferior and subordinate to appellee's liens so foreclosed. Said judgment further directed that order of sale issue thereon and said lot with the improvements thereon be seized and sold as under execution, and the proceeds of sale applied, first, to the payment in full of appellee's recovery herein, together with all costs of suit and sale; second, to the payment of appellant's recovery, together with all costs accrued against it, and that the surplus, if any, after discharging both such recoveries, be paid to said Arthur E. Smith. Appellant presents said judgment and the proceedings on which it is founded to this court for review.

### Opinion.

Appellant assigns as error the action of the court in rendering judgment for appellee foreclosing his lien on said lot as against appellant for that part of his indebtedness which matured more than four years prior to September 14, 1929, the date upon

which he elected to declare the unmatured installments of his note due and filed suit on such note. Appellant contends in this connection that having duly interposed the four-year statute of limitation as a bar, appellee could not have a foreclosure of his lien on said lot as against it to enforce the payment of installments more than four years past due at that time. No statement of facts was filed in this case, but findings of fact by the trial court are found in the transcript. According to such findings, the installments on the note sued on which were more than four years past due at the time appellee elected to mature and did mature the balance due on said note amount to the sum of $800, which sum is included in the recovery and foreclosure awarded appellee by the judgment herein. Such installments were separate obligations secured by the same lien, within the meaning of our statutes of limitation, and limitation began to run on each at its maturity. Miles v. Kelly (Tex. Civ. App.) 25 S. W. 724, 725; Thornburgh v. City of Tyler, 16 Tex. Civ. App. 439, 43 S. W. 1054, 1057, et seq. (writ refused); Welch v. Logan (Tex. Civ. App.) 286 S. W. 906, 908, par. 2; Pollack v. Pollack (Tex. Civ. App.) 23 S.W.(2d) 890, 893, par. 5. Since all future installments on the note sued on were matured by appellee by the exercise of the option incorporated therein by the filing of this suit, all such installments more than four years past due at that time, amounting in the aggregate to $800, were, as against appellant, barred by limitation, and the court erred in awarding as against him a foreclosure thereof and directing that the same be satisfied out of the proceeds of the sale of the property before any part of the proceeds should be applied to the satisfaction of appellant's debt and lien. Revised Statutes, articles 5520 to 5523, inclusive; Citizens' National Bank of Hillsboro v. Graham, 117 Tex. 357, 4 S.W.(2d) 541 et seq; Eastland Lodge v. Stubblefield (Tex. Civ. App.) 13 S.W.(2d) 123, 125, par. 4.

■ Appellee contends that, since Smith and wife failed to interpose a plea of limitation to his recovery, such defense was not available to appellant, a junior lien holder, in the protection of his right to satisfaction of his debt out of the incumbered property. The right to interpose the bar of the statute is, in certain contingencies, expressly extended to lienholders and subsequent purchasers alike by the terms of article 5522, supra. Such right was also recognized and enforced in favor of a junior lien holder by our Supreme Court in Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, and by the Court of Civil Appeals for the Eighth District in Pecos Mercantile Co. v. McKnight, 256 S. W. 933 et seq. in which case writ of error was refused. See. also, in this connection, Scott v. Sloan, 3 Tex. Civ. App. 302, 23 S. W. 42; Johnson v. Lasker Real Estate Ass'n, 2 Tex. Civ. App. 494, 21 S. W. 961, 962, and authorities there cited; Levy v. Williams, 20 Tex. Civ. App. 651, 49 S. W. 930, 50 S. W. 528 (writ refused); Dunn v. Smith (Tex. Civ. App.) 23 S. W. 449; 17 R. C. L. p. 963, § 332; 37 C. J. p. 719 (top first column).

■ Appellant assigns as error the action of the court in adjudging appellee's lien prior to the lien asserted by it on the improvements placed upon said lot by Sibbett under the mechanic's lien note and contract held by it, and directing that appellee's said lien be discharged in full out of the proceeds of the sale of the property before any of such proceeds should be applied to the satisfaction of appellant's claim. Appellant contends in this connection that the court should have ordered the proceeds of the sale of said lot and the improvements thereon prorated between appellee and appellant in proportion to the value of said premises without the improvements placed thereon by Sibbett and the enhanced value of said premises with such improvements. The mechanic's lien contract held by appellant provided specifically that the lien fixed thereby should attach to the improvements to be placed on said lot thereunder. The court found that said improvements consisted of concrete and cement work placed upon said lot, and that the same constituted permanent and valuable improvements thereon and enhanced the value thereof in the sum of $239, that, if such improvements were removed from the premises, the value thereof would be decreased in said sum, and that it was impracticable to remove such improvements, and, if removed, they would be wholly worthless. Appellant concedes that appellee had a first and superior lien on said lot and the improvements existing thereon prior to the inception of the mechanic's lien held by it. The lien so held by appellant was fixed in the manner and form prescribed and required by the Constitution and laws of this state. By the express provisions of Revised Statutes, article 5452, such lien attached to the improvements so made as well as to the land upon which they were made. According to the express provisions of article 5459 of said statutes, such lien attached to such improvements in preference to any prior lien, incumbrance, or mortgage then on the land upon which such improvements were placed, and appellant was thereby granted the right to have such improvements sold separately. The right of separate sale so granted was, however, in this case without value to appellant, because the purchaser at such sale would acquire merely the right to remove said improvements from the incumbered premises and such removal would result in the total destruction of their value. Since

the court ordered the premises sold as a whole, the necessary effect of such order was to appropriate to the satisfaction of appellee's debt and lien the enhanced value resulting from such improvements. Such a situation was considered by our Supreme Court in the case of Land Mortgage Bank v. Quanah Hotel Co., 89 Tex. 332, 34 S. W. 730. The court in that case held that, where there were conflicting liens, one a superior lien upon the land or premises and the other a mechanic's lien, made by the terms of the statute superior on the improvements erected by the holder thereof on such premises, and where the nature of such improvements made it impracticable to have them sold separately and removed from the premises, the property should be sold as a whole and the proceeds divided. The court in its opinion in that case (page 338 of 89 Tex., 34 S. W. 730, 733) quoted with approval from Whitehead's Ex'rs v. First Methodist Protestant Church, 15 N. J. Eq. 135, as follows:

"The mortgagee cannot in equity claim that he shall be benefited by the work and labor of the mechanic or materialman, but he has a strong claim in justice and equity to insist that he shall not be injured by the operation of their claims. On the other hand, the materialman has a right to insist that the loss incurred by the mortgagee by a forced sale, or by a depreciation in value of property at the time of the sale, shall not be thrown upon him. Each claimant should bear his proportionate share of loss resulting from a sale below the real value of the property. That is a loss to which every mortgagee is exposed, and which is in no wise affected by the building. It is a loss in which both parties necessarily share in proportion to the amount of their respective claims. * * * The only safe mode of determining the relative claims of the respective parties will be for the master to ascertain the market value of the lot and building, and also the value of the lot clear of the building and improvements upon it as it stood at the time of the mortgage. This will establish the proportions of the claims of the respective parties upon the proceeds of this sale."

See, also, in this connection, Brown v. Webb (Tex. Civ. App.) 1 S.W.(2d) 1102; Kahler v. Carruthers, 18 Tex. Civ. App. 216, 45 S. W. 160, 165 (writ refused); Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790. The facts in this case invoke the application of the equitable rule of apportionment announced in the authorities cited.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.