## Cleveland State Bank et al. v. Ralph Gardner et al.

No. 5914. Decided June 9, 1932.
(50 S. W., 2d Series, 786.)

E. W. *Love,* of Cleveland, *W. L. Hill* and *Taylor J. Hughes,* both of Houston, for appellants.

*Llewellyn & Dougherty,* of Houston, for appellees.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

## ON CERTIFIED QUESTIONS.

The Court of Civil Appeals has submitted a certificate in the above case, containing a certified question. The case is pending in that court on a second appeal. In the first appeal, the case reached the Supreme Court and the judgment of the trial court was reversed and the cause remanded. Cleveland State Bank v. Ralph Gardner et al., 286 S. W., 173. The suit was originally brought by Ralph and Elmer Gardner against the bank, and others, to clear the title to 160 acres of land which the Gardners claimed. The bank in its answer filed on March 6, 1923, set up a cross-action of trespass to try title against the Gardners, for the recovery of said 160 acres of land. After the case was reversed on the former appeal, the Gardners dismissed their suit, and the new trial was had on the cross-action of trespass to try title, which the bank had asserted against them; to which cross-action the Gardners had pleaded not guilty. Other new parties have been substituted in place of both the bank and the Gardners, to whose respective rights said new parties have succeeded. Since this substitution of new parties has no material bearing on the question certified, we shall disregard same in our discussion of the case.

The material facts set out in the certificate are substantially as follows:

On November 21, 1918, one C. B. Granbury deeded to one Ed Cochran a tract of about 1,500 acres of land in San Jacinto County. For part of the consideration for the conveyance,

Cochran executed to Granbury three notes for $4,865.44 each. The notes were numbered 1, 2 and 3, respectively, and were payable one, two and three years from date. The vendor's lien on said land, to secure the payment of the notes, was expressly retained in the deed. The deed was duly recorded. On April 1, 1920, Cochran deeded to Ralph and Elmer Gardner a tract of 160 acres of the 1,500 acres covered by the deed from Granbury to Cochran. This deed to the Gardners was duly recorded June 3, 1920. After notes numbers two and three fell due, Granbury assigned them, together with the vendor's lien securing same, to the Cleveland State Bank. The bank afterwards brought suit against Ed Cochran on said two notes; and for foreclosure of the vendor's lien on the 1,500 acres of land. Neither Granbury nor the Gardners were parties to that suit. Judgment was rendered in said suit on April 6, 1922, in favor of the bank against Cochran, for the sum due on the two notes, and the vendor's lien on the 1,500 acres of land was foreclosed. At the foreclosure sale, under said judgment, the bank became the purchaser of all the land, including the 160 acres in the possession of the Gardners, which they held under their deed from Cochran. In the purchase, the bank bid the sum due on the judgment; the amount bid being credited on the judgment. The sheriff executed to the bank a deed to all said land. The question which has been certified is, in effect, whether or not, by its purchase at said sale, the bank became vested with the superior legal title to all said land, including said 160 acres, and thus became entitled to maintain a suit in trespass to try title against the Gardners, for said 160 acres.

■ It is well settled that where a subvendee holding the land under the original vendee, in an executory sale of land, is not a party to a foreclosure suit on unpaid purchase money notes executed by the original vendee, the foreclosure judgment and sale do not affect the rights of said subvendee. But the purchaser at such sale, if he holds the superior legal title which remained in the original vendor when the executory sale was made, may, by virtue of such legal title, maintain a suit of trespass to try title against the subvendee, and recover the land held by him, unless the latter pay the purchase money chargeable against said land. Pierce v. Moreman, 84 Texas, 596; Bradford v. Knowles, 86 Texas, 505; Thompson v. Robinson, 93 Texas, 165; Ufford v. Wells, 52 Texas, 612; Foster v. Powers, 64 Texas, 247; Stone Land and Cattle Co. v. Boon, 73 Texas, 548.

■■ The assignment, by Granbury to the bank, of two of the purchase money notes which Cochran had executed did not effect a transfer to the bank of the superior legal title to the land covered by the deed from Granbury to Cochran. Said superior legal title remained in Granbury. Nothing passed to the bank, under said assignment, except the two notes and the vendor's lien by which they were secured. When the bank brought its suit against Cochran, the bank was a mere lien-holder, and held no title, either legal or equitable, to the land involved in that suit. Farmers Loan & Trust Company v. Beckley, 93 Texas, 267; Stephens v. Mathews, 69 Texas, 341. Unless it can be said, therefore, that the foreclosure judgment and sale in that suit had effect to invest the bank, as purchaser at said sale, with the superior legal title to all the land embraced by the sheriff's deed—including the 160 acres held by the Gardners—the bank holds no title, either legal or equitable, to said 160 acres upon which to maintain its present suit. As already shown, the Gardners were not parties to said suit and their deed from Cochran was duly of record. Their rights in the 160 acres of land were not affected by said foreclosure and sale. Bradford v. Knowles, supra. We have discovered no case, except Mason v. Bender, 97 S. W., 715, where it has been specifically held that a foreclosure judgment and sale, to which the original vendor who holds the superior legal title is not a party, will operate to invest the purchaser at such sale with any title at all to land held by a subvendee, which can be asserted against the latter, unless the latter was a party to said foreclosure suit. Even if the correctness of the holding made in the last mentioned case be conceded, that holding would not apply here. In that case, the important fact was shown that all the original purchase money notes which remained unpaid were involved in the foreclosure judgment and sale under consideration there. In the present case, such fact does not appear. For aught that appears from the certificate of the Court of Civil Appeals, or from the statement of facts contained in the record accompanying the certificate, purchase money note No. One, executed by Cochran to Granbury, still subsisted in the hands of the latter at the time the bank recovered judgment against Cochran on the other two notes, and at the time the foreclosure sale occurred. For that matter, it does not appear that said note No. One is not still subsisting in the hands of Granbury. Under this state of facts, therefore, it cannot be held that the bank, by its purchase, acquired any title at all, except to such of said land as was held by Ed Cochran, the

defendant in said suit. Douglas v. Blount, 95 Texas, 369; Bradford v. Knowles, supra.

What we have said indicates our answer to the question certified, and we recommend that it be so answered.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.