## ROBINSON v. SMITH.

### No. 1863.

Court of Civil Appeals of Texas. Waco.

May 6, 1937.

Rehearing Denied July 6, 1939.

Sleeper, Boynton & Kendall, and John B. McNamara, all of Waco, for appellant.

Albert C. Johnston, of Waco, for appellee.

ALEXANDER, Justice.

In the above cause, Norman H. Smith brought suit against Charles Robinson to recover rents for the use of a certain business house in the city of Waco. Robinson alleged that he owned the superior title, the vendor's lien and deed of trust lien on said property to secure the payment of a large indebtedness against the same. He denied liability for the rent, and in the alternative sought to have Smith's claim for unpaid rents applied as a credit on his lien indebtedness and to have his lien for the balance foreclosed. A trial was had before a jury and a judgment was rendered for Smith for unpaid rents for the sum of $4725, and judgment was rendered in favor of Robinson establishing the amount of his lien indebtedness and foreclosing same on the property, but Robinson was denied the right to offset Smith's judgment for rents against Robinson's lien indebtedness against the property. Robinson appealed.

The record discloses that in 1926, one Linton conveyed the real property in question to Norman H. Smith, subject to a prior outstanding lien in the sum of $18,000, and retained a vendor's lien thereon to secure the payment of three additional notes in the total sum of $8500, which notes were made payable to Trippett and Boggess, it being recited in the deed that the latter had advanced purchase money to the amount of said notes and that the vendor's lien was retained against the property in favor of Trippett and Boggess to secure the payment of said notes. In 1927, Trippett and Boggess assigned and transferred said notes, with all liens securing the same, together with all right, title and interest owned by them in the property, to Mrs. B. J. Huttner. During the same year, Norman H. Smith renewed the indebtedness by executing a new note to Mrs. Huttner in the sum of $8500, due in five years, and securing the same by a deed of trust on the property.

383

In this connection, it should be noted that Robinson claimed to have been the owner of said indebtedness and the lien securing the same and that he handled the transaction in the name of Mrs. Huttner merely for his own convenience. This deed of trust contained no express provision conferring on the holder of the indebtedness secured thereby the right to take possession of the property or to impound the rents therefrom in the event of default. In March 1933, Smith was adjudged a voluntary bankrupt and he surrendered possession of the building in question to the trustee in bankruptcy but claimed the building and the lot upon which it was situated as exempt to him as a business homestead. In the bankruptcy proceedings the stock of merchandise formerly belonging to Smith and situated in the building was sold by the trustee in bankruptcy to Robinson, and Robinson, with the consent of the trustee in bankruptcy, entered into possession of the building on April 20, 1933. Smith was employed by Robinson as a clerk in the store for about four weeks. On May 31, 1933, in the bankruptcy proceedings, the building was set aside to Smith as his business homestead, and on the same day Smith notified Robinson that if he remained in possession of the store building, he would be expected to pay rent thereon at the rate of $200 per month. Smith testified that Robinson advised him that he would not pay rent and refused to give possession but declined to inform Smith by what authority he was withholding possession of the property. Smith later received his discharge in bankruptcy. In April 1934, Mrs. Huttner executed and delivered to Charles Robinson an assignment of the note and lien in question, together with all interest owned by her in the property, it being recited in the transfer that the said Robinson had at all times been the equitable and beneficial owner of said indebtedness and that the assignment was executed for the purpose of placing the legal title in him. This assignment was duly recorded in May 1935. Robinson remained in possession of the building up to the time of the trial of this case in November 1935, a period of 31½ months, without paying any rent. The property will not sell for enough to pay Robinson's debt and the prior outstanding lien thereon. The jury, in answer to special issues, found that Robinson was not in possession of the building with the acquiescence of Smith, and that the reasonable rental value of the property was $150

per month; that on May 31, 1933, Smith told Robinson that he would demand of him the sum of $200 per month as rent as long as Robinson occupied the premises; that the note payable to Mrs. Huttner and secured by a lien on the property was purchased with the money of Charles Robinson; that at the time Robinson had the note and deed of trust taken in the name of Mrs. Huttner "it was the intention of Charles Robinson that said note and lien should be the property of Mrs. Huttner"; that Mrs. Huttner did not accept the note and lien as her property; and that the assignment of said note and lien from Mrs. Huttner to Robinson was not secured in good faith.

Appellant contends that the trial court erred in refusing to offset Smith's claim for rent against Robinson's lien indebtedness against the property, instead of awarding Smith a personal judgment against Robinson for said rents.

■ In the first place, it should be noted that the ordinary relation of mutual creditors does not exist between Robinson and Smith and that Robinson is not entitled to offset his liability to Smith for rents against any personal liability of Smith for the unpaid purchase price of the building merely because of such supposed relationship, for Smith received his discharge in bankruptcy and was thereby relieved of all personal liability for the payment of said debt. Therefore, if Robinson has any right whatever to offset Smith's claim for rent against the lien indebtedness held by him, it is solely by virtue of Robinson's interest in the property, for the use of which the payment of rent is demanded.

■ Conceding for the sake of the discussion, as contended by appellant, that Robinson, and not Mrs. Huttner, owned the note and lien against the property, the first material question to be determined is whether Robinson owned the superior title to the property, with the resulting right to rescind the sale and repossess the property upon default, or whether he merely held a lien thereon. Linton conveyed the land to Smith and retained a vendor's lien thereon in favor of Trippett and Boggess to secure the payment of a note executed by the vendee to them for money advanced by them and used in purchasing the property. There was no express conveyance, however, of the superior title to the land from Linton to Trippett and Boggess. Robinson acquired all his interest in the property through

Trippett and Boggess and consequently can hold no greater interest therein than they formerly owned. The question therefore is where one sells land to another and the purchase money is advanced by a third person, to whom the vendee gives a note therefor, and a lien is retained in the deed in favor of the third person to secure payment of the note, does such third person hold the superior title to the property? It is a well recognized rule that where a vendor sells land and retains an express lien in the deed in his own behalf to secure the payment of unpaid purchase money, he thereby retains the superior title to the property. 43 Tex.Jur. 228. This superior title may be conveyed to a third person along with the debt and lien where the assignment expressly so provides. 43 Tex. Jur. 298. But the superior title is distinct from the vendor's lien, 43 Tex.Jur. 233; Bunn v. City of Laredo, Tex.Com.App., 245 S.W. 426, and when such vendor afterwards assigns the note or other evidence of the indebtedness, together with the lien securing same, to a third person and does not expressly assign the superior title to the land, his assignee does not acquire the superior title to the property but merely acquires a lien thereon. 43 Tex.Jur. 285; Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S.W. 1027; R. B. Godley Lumber Co. v. Slaughter, Tex.Civ.App., 171 S.W. 779, par. 1, and authorities there cited; Cleveland State Bank v. Gardner, 121 Tex. 580, 50 S.W.2d 786. For the same reason, we think, when the deed merely retains a lien in favor of the third person to whom the purchase money note is made payable and does not expressly convey to him the superior title, the holder of such note does not have the superior title to the property but he merely holds a lien thereon. Texas Osage Co-op. Royalty Pool v. Benz, Tex.Civ.App., 93 S.W.2d 196, par. 1. Therefore Robinson, if he, and not Mrs. Huttner, owned the note secured by the lien on the property, was a mere lien holder and not a holder of the superior title to the property.

 What right, if any, did Robinson, as a mere lien holder or mortgagee, have to occupy the premises without paying rent therefor? In this state, the right of possession of the mortgaged property remains in the mortgagor, in the absence of an agreement to the contrary, after, as well as before, the mortgage debt becomes due and it continues until foreclosure conveyance. 29 Tex.Jur. 880; 45 Tex.Jur. 289.

This rule which permits the mortgagor to have the possession and the use and benefit of the revenue from mortgaged property until foreclosure takes place is a salutary one because it allows him a source from which to raise the revenue necessary to pay off the debt. This right is not fully protected by allowing the creditor to take possession of the premises and merely requiring him to account for the reasonable value of the use thereof, for the mortgagor, by combining his skill and labor in connection with the use of the property, might be able to make the property produce much more than the reasonable market value of the use thereof. See 7 Tex. Law Review 170. In certain instances, a mortgagee in possession is entitled to retain possession until his debt is paid, and in such cases, he is, at most, required only to account for the value of the use of the premises as a credit to be applied on his debt. Hannay v. Thompson, 14 Tex. 142; Majors v. Strickland, Tex.Civ.App., 6 S.W.2d 133, and authorities there cited. But, in our opinion, this rule applies only in those cases where possession is obtained by the mortgagee under an agreement with the mortgagor, which, either expressly or by necessary implication, so authorizes the mortgagee to withhold the revenues of the property as security for the debt. It does not apply where the mortgagee has obtained or withholds possession illegally or by virtue of some other agreement. Calhoun v. Lumpkin, 60 Tex. 185, 186, 190; Kerr v. Galloway, 94 Tex. 641, 64 S.W. 858; Morrow v. Morgan, 48 Tex. 304; Loving v. Milliken, 59 Tex. 423; Mann's Ex'x v. Falcon, 25 Tex. 271; Burks v. Burks, Tex.Civ. App., 141 S.W. 337, par. 2; Dallas Joint Stock Land Bank v. Lancaster, Tex.Civ. App., 91 S.W.2d 890, par. 3. Robinson had no express agreement with Smith authorizing him to withhold possession of the premises, or the rents and revenues therefrom, until the mortgage debt was paid, and the mere fact that he held a lien on the property gave him no such implied right. McGeorge v. Henrie, Tex.Civ.App., 94 S.W. 2d 761. A mere mortgagee may, in certain cases, impound the rents of the mortgaged premises through receivership proceedings and thereby subject same to the payment of his debt, R.S. art. 2293, but no attempt was made to resort to this statutory procedure in this instance and hence appellant cannot claim any benefits thereunder. Wood v. Fetzer, Tex.Civ.App., 19 S.W.2d 1113. The fact that Robinson obtained

possession of the premises in this instance by peaceable means does not alter the case. He obtained possession from the trustee in bankruptcy before the property had been set aside to Smith as his business homestead. As soon as the property was so set aside to Smith, and Smith as the owner became entitled to the possession thereof, he immediately notified Robinson that he would be expected to pay rent for the use of the premises. Robinson continued to occupy the premises after receipt of such notice. The jury found that Robinson was not in possession of the building with the acquiescence of Smith. So long then as he continued to use and occupy the premises after such notice, he was liable to Smith for the value of the use thereof, and, under the circumstances of this particular case, he was not entitled to withhold the possession of the premises, nor the rent due thereon, as security for his debt.

The judgment of the trial court is affirmed.