### HENDERSON v. HALL et al.

#### No. 11538.

Court of Civil Appeals of Texas. Galveston.

May 27, 1943.

On Rehearing Sept. 30, 1943.

Fountain, Cox & Sandlin, S. E. Wilcox, Jr., and Joyce Cox, all of Houston, and Wiley B. Thomas, of Groveton, for appellant.

Crow & Chessher and C. C. Chessher, all of Groveton, for appellees.

MONTEITH, Chief Justice.

This is an action in trespass to try title brought by appellees, J. F. Hall et al., to recover from appellant, George H. Henderson, the title to and possession of four tracts of land out of the J. Ceballos League in Trinity County, Texas, aggregating 208.7 acres.

In a trial before the court judgment was rendered that appellees recover of and from appellant the title to and possession of the land in controversy. Findings of fact and conclusions of law were filed by the trial court.

The record shows that: By deed dated March 20, 1928, W. H. Morrison conveyed to Lang Smith three of the tracts of land in controversy, aggregating 162.5 acres. A vendor's lien was retained in said deed to secure a purchase money note for the sum of $700 executed by Lang Smith and payable to W. H. Collins. By deed dated March 30, 1928, Lang Smith conveyed said three tracts of land to M. R. Driskell. A vendor's lien was reserved in this deed to secure the payment of the $700 note executed by Lang Smith and payable to W. H. Collins, and an additional note for the sum of $400 executed by M. R. Driskell and also made payable to W. H. Collins. On the same date M. R. Driskell and his wife, Minnie Driskell, executed a deed of trust on a 46.2 acre tract of land out of the said Ceballos Survey to additionally secure W. H. Collins in the payment of said two notes. By instrument dated March 9, 1930, W. H. Collins transferred and assigned this deed of trust lien on said 46.2 acres of land to appellee, J. F. Hall. It was recited in said instrument that said notes of $700 and $400 had been transferred and assigned, without recourse, to B. S. Brent, and by B. S. Brent, without recourse, to J. F. Hall. There is no assignment of the superior title to said three tracts of land, or the vendor's lien by which they were secured, to J. F. Hall.

By deed dated April 25, 1930, M. R. Driskell and his wife conveyed to appellant, George H. Henderson, a 15/16 mineral interest in the land in controversy. A correction deed was afterwards executed by the Driskells correcting the description of the land conveyed and conveying to appellant a 7/8 interest in the minerals in and under the land in controversy.

On January 2, 1932, for a recited consideration of the cancellation of said two notes for the $700 and $400 above referred to, on which the sum of $1,115.84 was found by the trial court to be due, the Driskells conveyed the land in controversy to appellee, J. F. Hall. J. F. Hall later conveyed the three tracts aggregating 162.5 acres to appellees, Charles I. Vermillion and wife.

Thereafter, on May 18, 1942, appellee filed this action in trespass to try title to recover of and from appellant, George H. Henderson, the title to and possession of the land in controversy.

Appellant answered by general denial and a plea of not guilty, claiming a 7/8 interest in the minerals in and under said land. He specially pled the four years statute of limitation. In the alternative he alleged that he had a vested interest in the land and that appellees' interest constituted only a lien thereon. He sought in the alternative a foreclosure and sale of said land subject to his claimed interest therein, and an order that his mineral interest therein be sold only in the event said foreclosure sale did not bring a sufficient price to satisfy appellee, J. H. Hall's, indebtedness.

The controlling question presented in the appeal is whether the holder of vendor's lien notes, who is neither the original vendor in the deed in which the lien was retained, nor the owner of the superior title to the land, who had taken a conveyance to said land from the original grantee for a recited consideration of the cancellation of the indebtedness for which the lien was given, may thereafter, in a trespass to try title action, recover from a purchaser of a mineral interest in said land from the original vendee.

It has been uniformly held by the courts of this state that the mere assignment of a purchase money note does not carry with it the vendor's superior title to the land by which it is secured, and that accordingly the assignee thereof cannot compel the vendor to transfer the legal title to him or to assert it for his benefit (43 Tex.Jur., pp. 285, 286), and that an assignee as such has no rights other than the right to collect the debt and enforce the lien. He does not occupy the position of the original vendor. Thus he has no title to the property, unless he acquires it by becoming a purchaser at a sale on foreclosure of the lien. Nor has he any right to the possession of the property prior to such time as he may purchase it on foreclosure sale. It follows that the assignee has no right to rescind the contract of sale, to take possession of the property, or to recover it, on default of the purchaser in the purchase money. 43 Tex.Jur., pp. 288, 289.

In Vol. 43, Texas Jurisprudence, page 393, it is held that: "An action to recover

property from a purchaser must be brought by the holder of the superior title, that is, the vendor or his transferee. It is not properly brought by a mere holder of a vendor's lien note.".

In the early case of Russell & Seisfeld v. Kirkbride et al., 62 Tex. 455, the Supreme Court, speaking through Judge Stayton, said: "Nor does the assignee or indorsee of a note given for land, by the fact that he becomes the holder of a note secured by lien, acquire any title or possessory right to the land for which the note was given. In such case the lien which the vendor had to secure the note, and the right to enforce it, passes with the note to any one who becomes its legal holder. This, and no more, is all the right which passes to the holder of the note by its transfer to him. Baker v. Compton, 52 Tex. [252], 262."

Hamblen et al. v. Folts & Walsh, 70 Tex. 132, 7 S.W. 834, 835: "* * * and it is equally as well settled that the title to the land does not pass by an assignment of the note, and for that reason the assignees cannot recover possession of the land under any circumstances. If a vendor, under an executory contract, has assigned the purchase-money notes, he holds the legal title to the land in trust for both the vendee and assignee of the notes, or for whoever may become ultimately entitled to the land."

In Stephens et al. v. Matthews' Heirs, 69 Tex. 341, at page 344, 6 S.W. 567, at page 569, Judge Stayton said:

"The indorsee or assignee of such a note, when barred by limitation, has neither a right in or to the land for which it was given, nor a right to collect the note, if its maker interposes the plea of limitation. His right in such case is gone.

"The vendor of land sold on a credit, when an express lien is reserved, is held to retain the legal title, and he may enforce payment of the purchase money by a sale of the land under decree; or, in the absence of equitable considerations forbidding it, he may cancel the executory contract of sale; but an indorsee or assignee of one or all the purchase-money notes has no right to cancel the contract of sale or to recover the land in default of payment of the purchase money. His sole right is to have the land sold and its proceeds applied to the satisfaction of the purchase-money notes held by him * * *."

In Farmers' Loan & Trust Co. v. Beckley et al., 93 Tex. 267, 54 S.W. 1027, 1029, opinion by Justice Brown, action was on various theories by the holder of the vendor's lien notes. The action was held to be barred. "The plaintiff had no right to recover the land, to have the superior title divested out of the original vendors * * * nor to require them to assert the legal title to the land for its benefit. * * * The vendor holds the legal title to the land in trust for the assignee as well as his vendee."

After quoting from Stephens v. Matthews, at pages 273, 274 of 93 Tex., at page 1031 of 54 S.W., the Court says: "If the assignee acquires no interest in the land, then it cannot be true that the original vendor holds the legal title in trust in the sense that the assignee can enforce that title for his own benefit, because, if the assignor is trustee and the assignee is beneficiary, the latter must have an interest in the thing to which the trust relates. If he has no interest in the subject to which the legal title attaches, he is not the beneficiary of a trust embracing that subject. Under our system the beneficiary in a trust may enforce his right by a direct action in his own name, especially if the trustee should refuse to act; but in this character of case it has been uniformly held that the assignee of a vendor's lien note cannot recover the land under any circumstances."

The rule laid down in the cases above referred to is followed by the Supreme Court of this State in the following cases: Myers v. Crenshaw, Tex.Civ.App., 116 S.W.2d 1125, affirmed 134 Tex. 500, 137 S.W. 2d 6; Cleveland State Bank v. Gardner, 121 Tex. 580, 50 S.W.2d 786; Farmers & Merchants Bank v. Arrington, Tex.Civ. App., 98 S.W.2d 378.

In the case of Robinson v. Smith, 130 S.W.2d 381, 384, writ of error refused, the Waco Court of Civil Appeals, speaking through Judge Alexander, who was then a member of that court, passed upon a case in which the fact situation and the questions involved were similar in all material respects to those in the instant case. The court in its opinion said: "It is a well recognized rule that where a vendor sells land and retains an express lien in the deed in his own behalf to secure the payment of unpaid purchase money, he thereby retains the superior title to the property. 43 Tex. Jur. 228. This superior title may be con-

veyed to a third person along with the debt and lien where the assignment expressly so provides. 43 Tex.Jur. 298. But the superior title is distinct from the vendor's lien, 43 Tex.Jur. 233; Bunn v. City of Laredo, Tex.Com.App., 245 S.W. 426, and when such vendor afterwards assigns the note or other evidence of the indebtedness, together with the lien securing same, to a third person and does not expressly assign the superior title to the land, his assignee does not acquire the superior title to the property but merely acquires a lien thereon. 43 Tex.Jur., 285; Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S.W. 1027; R. B. Godley Lumber Co. v. Slaughter, Tex. Civ.App., 171 S.W. 779, par. 1, and authorities there cited; Cleveland State Bank v. Gardner, 121 Tex. 580, 50 S.W.2d 786. For the same reason, we think, when the deed merely retains a lien in favor of the third person to whom the purchase money note is made payable and does not expressly · convey to him the superior title, the holder of such note does not have the superior title to the property but merely holds a lien thereon. Texas Osage Co-op. Royalty Pool v. Benz, Tex.Civ.App., 93 S.W.2d 196, par. 1."

■ It is undisputed in the instant case that the 46.2 acre tract was owned by Mrs. Driskell and that it was incumbered by the Driskells by a deed of trust lien to secure W. H. Collins in the payment of said two notes of $700 and $400. J. F. Hall became the owner of these two notes by assignment. The title to this tract of land was in the Driskells. Appellee, J. F. Hall, had only a lien thereon. The three tracts of land aggregating 162.5 acres were conveyed to the Driskells by a transaction reserving· a vendor's lien to secure the Collins' notes. Collins was never a vendor of the land and the superior title to the land was never conveyed to him, therefore neither he nor appellee, J. F. Hall, ever had a superior title to said three tracts of land. Further, J. F. Hall was a mere assignee of the notes. His rights as to the 162.5 acres were the same as to the 46.2 acres, namely, the right of a lien holder.

■ Appellant, George H. Henderson, became a partial sub-vendee of the Driskells. As such he acquired the title and the right of possession to a ⅞ mineral interest in said land subject to said liens, but with the right under above authorities, since appellee, J. F. Hall, was not the owner of the superior title to said land, to have

the interest retained by the Driskells in said land sold first under foreclosure. Appellee, J. F. Hall, did not foreclose his lien on said land. He took a conveyance from the Driskells in consideration of the cancellation of said indebtedness. This conveyance, we think, did not affect appellant's vested title and rights in said land.

Appellant assigns error in the action of the trial court in holding that appellee's cause of action was not barred by the four years statute of limitation.

Article 5520, Vernon's Annotated Civil Statutes, provides that actions by vendors to recover real estate by virtue of superior title retained by the vendor in a deed of conveyance or purchase money note, or action for the foreclosure of vendor's liens on real estate, or actions to foreclose deeds of trust, or mortgage liens, on real estate, shall be commenced and prosecuted within four years after the cause of action has accrued, and not afterward.

In the case of Yates et al. v. Darby, 133 Tex. 593, 131 S.W.2d 95, 99, the Commission of Appeals, speaking through Judge Smedley, in construing said Article 5520, said: "The effect of such conclusive presumption of payment, like the effect of actual payment, is to terminate the superior title retained by the vendor, and consequently to terminate all remedies for the enforcement of such superior title. This court has uniformly held that the title of the vendor, who reserves in his deed a lien for the purchase money, is superior in the sense that the vendee cannot assert his title against the vendor unless he has paid the purchase money, that the vendor's title is limited to the character of security for the purchase money debt, and that when the debt has been paid the title of the vendor ceases and that of the vendee 'becomes absolute, as to the vendor, without any action on his part'. (Citing authorities). The vendor's superior title ipso facto terminates upon the payment of the purchase money notes. Termination of the superior title is as effectively and as completely accomplished when by the force of the statute a conclusive presumption of payment of the note arises at the end of four years after its maturity."

The following authorities are in accord: Grimes et al. v. Walton et al., Tex.Civ. App., 58 S.W.2d 862; Forman et al. v. Barron et al., Tex.Civ.App., 120 S.W.2d 827, error refused; Pecos Mercantile Co. v. McKnight et al., Tex.Civ.App., 256 S.W.

933, error refused; Blackman v. Blackman, Tex.Civ.App., 128 S.W.2d 433; McMullen & Co. v. Hammann et al., Tex.Civ.App., 34 S.W.2d 909, modified 122 Tex. 476, 62 S.W.2d 59.

Appellees, J. F. Hall and his vendees, sought by this action to recover the mineral estate of George H. Henderson in the land in controversy. The last installment due on said two notes secured by said lien as last extended was due on October 15, 1932. The land in controversy was conveyed to appellee, J. F. Hall, by the Driskells on January 2, 1932. Appellees filed this action on May 18, 1942, approximately ten years thereafter. Under above authorities, appellees' action for foreclosure of the liens by which said notes were secured were barred by the four years statute of limitation.

It follows from the above conclusions that the judgment of the trial court must be reversed, and since the case was fully developed in the trial court, judgment is here rendered in favor of appellant.

Reversed and rendered.

### On Motion for Rehearing.

On motion for rehearing appellees complain of the action of this court in reversing the judgment of the trial court and in rendering judgment in favor of appellant, George H. Henderson. A re-examination of the record convinces us that this contention should be sustained.

While it is true that a take nothing judgment in a trespass to try title action is an adjudication that the title to the land in controversy is in the defendant, the record in this case shows that the appellant has never claimed any interest in said land except such mineral interests therein as are alleged in his pleadings to have been vested in him by the deeds in evidence. Under Rule 801, Texas Rules of Civil Procedure, formerly Article 7385, Vernon's Civil Statutes, we think that this pleading must be construed as a disclaimer to all surface rights in the land in controversy.

By deed dated April 25, 1930, M. R. Driskell and wife conveyed a $^{15}/_{16}$ undivided interest in the minerals in and under said land to appellant. A correction deed, dated January 9, 1931, was thereafter executed by the Driskells which purports to correct recitals in the deed of April 25, 1930, by conveying to appellant all minerals except ½ of the ⅛ royalty therein reserved, which had been conveyed by the Driskells to appellee, J. F. Hall, by prior deed dated January 2, 1930. While this correction deed was introduced in evidence by appellant, we failed to note and to state in our original opinion that it was never recorded in the deed records of Trinity County and that the trial court had found, on what we deem to be sufficient evidence, that appellees had no knowledge or notice of its existence prior to the filing of this suit. While the deed of April 25, 1930, from M. R. Driskell and wife to appellant, purported to convey a $^{15}/_{16}$ mineral interest in said land, a ⅛ interest therein having been previously conveyed by the Driskells to appellee, J. F. Hall, this deed was, we think, effective to convey to appellant a ⅞ interest in the minerals in and under said land, this being the interest then owned by the Driskells. This deed was promptly recorded and was effective, we think, to put all subsequent purchasers of said land on notice of its contents.

It follows from above conclusions that appellees' motion for rehearing must be granted. The judgment of the trial court herein awarding the recovery of the land in controversy to appellees will be affirmed as to all interest therein except a ⅞ undivided interest in the minerals in and under said land. The judgment of the trial court in so far as it affects said ⅞ undivided mineral interest in said land is hereby reversed and judgment is here rendered that George H. Henderson recover said interest of and from all appellees.

Affirmed in part, and in part reversed and rendered.

Rehearing granted.