No. 2391.

### G. A. MEYER v. H. B. ANDREWS ET AL.

1. LIMITATION—NEW PROMISE.—A new promise to pay a claim which is otherwise barred by the statute of limitations, by which the promissor agrees to pay "if I owe it" does not relieve the claim from the operation of the statute, there being no recognition expressed of the justness of the claim.

2. LIMITATION.—When the obligation to convey land is independent and unconditional, recognizing the conveyance as a duty dependent on an event to occur in the future, but which had already happened, and in ignorance of which the parties acted, but the existence of which could readily have been ascertained by an inspection of the public records, and the obligation bore date before the adoption of the Revised Statutes, a claim for specific performance was barred either under the law as it existed when the contract was made or under article 3209 (Rev. Stat.) in the twelve years and two months which elapsed between the date of the obligation and the time when suit was filed to enforce it.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

The case states the material facts.

*George E. Mann,* for appellant: The cause of action was not barred when the suit was begun. (Rucker v. Dailey, 66 Texas, 286; Yeary v. Cummings, 28 Texas, 95; Hemming v. Zimmer-

shitle, 4 Texas, 167; DeCordova v. Smith, 9 Texas, 129; Lewis v. Hawkins, 23 Wallace, 119–126.

*Houston Brothers*, for appellee: The relation of trustee and beneficiary never having existed between the parties to the bond for title, the statute of limitation began to run against the right to enforce this bond from the day on which an action might have been brought thereon. DeCordova v. Smith, 9 Texas, 145; Lewis v. Cole, 60 Texas, 341; Hodges v. Johnson, 15 Texas, 575; Carlisle v. Hart, 27 Texas, 354; Rev. Stat., art. 3209.

WALKER, ASSOCIATE JUSTICE.   February 19, 1886, appellant filed suit in the district court of Galveston county against defendant Andrews, for specific performance of an obligation for land described, and against Andrews & Heidenheimer for partition.

Andrews pleaded not guilty, and limitations of ten years.

By amendment, plaintiff described the land more particularly and in replication to the plea of limitation that on August 7, 1885, in reply to demand made for compliance with his said bond for title said defendant Andrews, by letter to plaintiff, referring to said title bond, promised as follows:

"If my agreement (referring to bond, meaning said bond for title), has not been settled in subsequent settlements, I will do just what is right;" and again in same letter: "and if I owe for a sixth of the interest I had, will pay it, or convey the land" (meaning the land sued for and referring to his bond for title).

There are allegations and much testimony upon transactions between Andrews and Mrs. Josephine Allen, mother of the obligee in the title bond.

The question of limitation seems decisive of the rights of the parties, and the other matters need not be further noticed.

The obligation sued on is as follows:

"Whereas, in a settlement with Mrs. Allen for the estate of Ebenezer Allen, deceased, a part of my agreement was that I was to locate and obtain patents for the one-sixth interest that the estate of Ebenezer Allen had in two leagues of land in Galveston county, on Clear creek, and known as the Muldoon two leagues, free of expense to said Mrs. Allen.   I therefore, at her request and direction, hereby bind and obligate myself to

convey or have conveyed to William Pitt Allen, the one-sixth interest in the remaining two leagues of land heretofore known as the Muldoon two leagues, free from expenses for locating, surveying and patenting.

Witness my hand and seal, this eleventh day of December, A. D. 1873.

[Signed]    H. B. ANDREWS.'

It seems that at the date of the contract, all of the lands referred to had been relocated and patented but a fractional survey less than one hundred acres. This never was patented. The letters of Andrews in evidence did not strengthen plaintiff's case, there being no acknowledgment of the justice of the claim. (Smith v. Fly, 24 Texas, 354.)

By the Revised Statutes, article 3209, actions for specific performance are limited to ten years after the cause accrued. This appears to have been limited in its effect so far as it may be applied to claims not barred by the laws then existing. And it seems that, where the term is not changed, the old law is the rule to be applied. (Rucker v. Dailey, 66 Texas, 288.)

In Yeary v. Cummings, 28 Texas, 96, is a discussion of the authorities, and arguing it is said: "But it is said that the statute began running from the date of the bond, because the title was to be made when the patent issued, and this had already occurred before the execution of the bond. * * * It is evident that both parties were ignorant of the existence of the patent at the time the contract was made. There was a mutual mistake as to this fact which should not be construed to the prejudice of either. * * * On the other hand, laches should not be imputed to the vendee so long as he was ignorant of the rights which had accrued to him to perfect his title to his land. The furthest the court could possibly go would be to allow a reasonable time for the knowledge of the patents to reach the vendee." And the court held that a month and a half was not an unreasonable time to be allowed.

We think the intimation and basis of the decision in Yeary v. Cummings well founded in principle. We recognize it as there applied; where the right of action at once accrued upon the making of the obligation, that a reasonable time be given the obligee to ascertain his rights in case of mutual mistake. Conceding this, it would follow by like reasoning that, in absence of evidence to mistake, or of any obstruction to knowedge

of his rights or in way of enforcing them, would limitation run against the obligee after a reasonable time after the execution of the obligation sued on.

In this case Andrews's obligation is independent and unconditional. It fixes a present duty. "I bind and obligate myself to convey or cause to be conveyed," etc., is his undertaking. (Eborn v. Zimpelman, 47 Texas, 515.)

The records of the different public offices—the surveyor's, the general land office and the registration of deeds—were open, and gave all necessary information to apprize the obligee of the extent of his rights. If he did not know he might have known them by using ordinary diligence in looking after his business affairs.

There is no evidence of Andrews's recognition of the rights asserted in the interval, save in the apparently hostile transaction in January, 1875, where Trueheart's deed to Mrs. Allen for what appears to have been for the interest in controversy was placed on record, and the levy and sale, at Trueheart's instance, under execution, and the purchase of it by Trueheart for Andrews and himself. It is not held that the records charged the obligee with notice of these transactions, but they were public transactions, evidenced by public records, about and affecting the land, and occurring nearly eleven years before the filing of the suit.

No notice is taken of the litigation by which the Muldoon title was held valid against the locations, the subject of the obligation. The result of the litigation was to destroy the value of the relocations. The title was, as between Andrews and the Allens, not in controversy; for they held under the Muldoon title, and the obligation was to evidence the right of Mrs. Allen in the locations made to perfect the title to the land covered by what was deemed an invalid grant. The litigation determined, as a consequence of validating the old, the worthlessness of the new.

It is held that, whether the case be determined under the statute (Rev. Stats., art. 3209), or the law as it was before, that the cause of action was barred in the twelve years and two months which elapsed between the obligation and suit.

The judgment is affirmed.

*Affirmed.*