## BANK OF WASHINGTON v. MOORE.*
### (No. 7667.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1926. Rehearing Denied Jan. 19, 1927.)

1. Limitation of actions ⊜178—Petition held to show lien note, sued on more than four years after due, was barred (Vernon's Sayles' Ann. Civ. St. art. 5694).

Petition alleging that suit on lien note to secure water charges, due September 1, 1913, was filed October 30, 1917, and that judgment foreclosing lien was subsequently rendered, affirmatively shows note to have been barred by four-year period provided in Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, which terminated lien.

2. Judgment ⊜707—Owner may sue to prevent sale of property under judgment of foreclosure to which she was not party.

Record owner of property, not party to suit to foreclose lien thereon, may sue to prevent sale of property under judgment to which owner was not party.

3. Husband and wife ⊜52—Wife, conveying one-half title to husband, giving lien on property, acquired entire title on cancellation of deed to husband and barring of lien by limitations (Vernon's Sayles' Ann. Civ. St. 1914, art. 5694).

Where lien to secure water charges given by husband on land to which he held one-half title, under deed from wife, was barred by four-year period of limitation in Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, and deed from wife was canceled, title to entire land was held by wife.

4. Quieting title ⊜7(4)—Sale of land may be enjoined by owner not party to judgment ordering sale, and title quieted in owner.

Owner of land about to be sold under judgment to which owner was not party, may have title quieted as to claims under judgment and perpetually enjoin judgment plaintiff from selling or attempting to sell land.

5. Limitation of actions ⊜165—Foreclosure of lien to secure water charges, in suit brought after lien was barred by limitations, does not revive lien (Vernon's Sayles' Ann. Civ. St. 1914, art. 5694).

Lien on land given to secure water charges, barred by Vernon's Sayles' Ann. Civ. St. 1914,

art. 5694, is not revived by judgment of foreclosure in suit brought after lien was barred.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by Mrs. Helen Moore against the Bank of Washington. Judgment for plaintiff, and defendant appeals. Affirmed.

Spears & Montgomery, of San Benito, for appellant.

W. T. Carlton, of Harlingen, for appellee.

FLY, C. J. This is a suit by appellee to remove a cloud from her title to two tracts of land, one in block 149, containing 160 acres of land, the other in block 148, containing 65 acres of land, being parts of the Concepcion de Carricitos grant in Cameron county, as surveyed and subdivided for the San Benito Land & Water Company and others, said cloud consisting of a judgment of foreclosure of a lien on said land in a suit styled Bank of Washington v. S. C. Moore, in the district court of the Twenty-Eighth judicial district, Appellee alleged that she was not a party to the suit, did not join in the execution of the promissory note on which the suit was based, and that the land was her separate property, and was before, at the time, and after the judgment was obtained and the land foreclosed by appellant. It was alleged that appellee was a feme sole, but the petition fails to disclose her relation to S. C. Moore, or whether he was dead or alive. It might be inferred that S. C. Moore had been or was her husband, although he is described as "one S. C. Moore." It appears from the petition that S. C. Moore acknowledged, in a note executed by him to the San Benito Land & Water Company, that the note was secured by a lien on the land, for water charges on said land herein described. The cause was tried by the court, without a jury, and judgment was rendered that the lien foreclosed against said land, in the district court of the Twenty-Eighth district, be set aside and held for naught, and that appellee be quieted in her title to the land.

The court found that on October 23, 1907, S. C. and Helen Moore were man and wife, and on the same day the land in question was purchased by S. C. Moore from the San Benito Land & Water Company. On September 2, 1910, S. C. Moore and Helen Moore conveyed the land to Willie Mayfield and Lola Paine. On November 11, 1910, the Moores were divorced from each other, and on January 29, 1912, Helen Moore conveyed an undivided one-half interest in the land to S. C. Moore. On January 30, 1912, S. C. Moore and Helen Moore for the second time were married to each other. On April 29, 1913, S. C. Moore gave a note to the San Benito Land & Water Improvement Company for $575.75, and in said note recited that it was given for water

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 16, 1927.

charges and was secured by a lien on the 225 acres of land in question. The appellant acquired the note for a valuable consideration in due course of trade, and on October 30, 1917, sued on it and obtained judgment for the amount and foreclosure of the lien. On May 10, 1919, appellee sued for and afterwards obtained a cancellation of the deed she had executed to S. C. Moore for one-half the land, and then on January 5, 1921, appellee again applied for a divorce from S. C. Moore and on March 8, 1923, obtained the divorce. The court did not disclose whether Willie Mayfield and Lola Paine ever reconveyed the land to appellee or still held it. The statement of facts, however, shows that S. C. Moore, on September 2, 1910, conveyed the land to Willie Mayfield and Lola Paine, and they, on June 15, 1911, conveyed the land to appellee, and that deed was duly recorded on June 21, 1911. This was during the interval between the first divorce and the remarriage. The day before the second marriage, appellee, while a feme sole, conveyed to S. C. Moore a one-half undivided interest in the 225 acres of land, and on April 13, 1913, S. C. Moore gave the note and lien on the whole of the 225 acres for the water charges of 1912. In the judgment assailed by appellee, the court held that the lien was a part of the purchase money. That was based on a recital in the deed reserving a lien on the land for water furnished the landowner.

[1] It is asserted, time and again, in the brief of appellant, that the exception to the plea of limitation of appellee should have been sustained, "because by the allegations of the petition it appeared that said note was not barred." This contention is made, although appellant states:

"It affirmatively shows from the allegations of the petition that said suit No. 3373, was filed October 30, 1917, on a note dated April 29, 1913, due September 1, 1913, and the judgment was rendered March 22, 1920, for the debt evidenced by the note, and foreclosure of the lien therein acknowledged, and therefore that action was not barred by the four-year statute of limitations when said suit was filed."

The proposition carries its own refutation in its statement. If the note was due on September 1, 1913, as stated by appellant, and the suit was not filed until October 30, 1917, more than four years had elapsed after the due date before the suit was filed, and consequently the statement on its face shows the note was barred by limitation. This seems to be apparent. From the due date, September 1, 1913, to the date of the filing of the suit, was four years one month and twenty-nine days. To sustain the proposition appellant cites the statute article 5694, Vernon's Sayles' Ann. Civ. St. 1914, which refers to extension of notes. In article 5694, it is provided that a lien given to secure a vendor's lien note shall be barred in four years from the maturity of the note, and the lien cease to exist, and undoubtedly the debt, if a part of the purchase money of the land, was barred by limitation when the suit was instituted and in fact the lien was extinguished by time. No suit was ever brought against appellee to enforce the lien, although the record title to the land was shown to be held by her.

[2] There is no merit in the claim that, because appellee was a stranger to the suit, she cannot use means to prevent appellant's selling her property under a judgment to which she was not a party. The fact that her rights had not been adjudicated gave her the right to interfere to prevent the sale.

[3] At the time the note was given, S. C. Moore, under a deed from appellee, held title to one-half the land. The deed was canceled in 1919, by a judgment. It follows that, when the lien became void as to the part of the property held by S. C. Moore under a deed afterwards declared to be void, the title to the whole of the land was held by appellee.

[4, 5] The petition stated a cause of action and was not subject to a general demurrer, and the special exception was properly overruled. A person owning land which is about to be sold under a judgment to which the owner of the land was not a party, is fully authorized to have his title quieted as to the claims under said judgment and to perpetually enjoin the judgment plaintiff from selling or attempting to sell his land. Appellee had not been cited to appear in the original suit and was not bound by it, and, if she bought the land, as contended, subject to the lien, when the lien became null and void by reason of the debt being barred or, as stated in article 5694, Vernon's Sayles' Civ. Stats. 1914, the debt was "conclusively presumed to have been paid * * * and the lien reserved in any such notes and deeds conveying the land shall cease to exist." When anything ceases to exist, it is dead, and is incapable of functioning in any manner. It will be noted that the lien recited in the deed ceases to exist as well as that set out in the note. When the suit was instituted, the lien had ceased to exist, and its foreclosure did not resurrect it from its tomb in which it had been laid by the statute. Even if it could be held that limitation as to a lien on land would not apply when not pleaded by the defendant, the answer would be that the owner of the land had no opportunity to plead the statute, but she did plead it when she came into court.

We conclude that there is no merit in the appeal, and the judgment will be affirmed.