## GRIMES et al. v. WALTON et al.

### No. 2316.

Court of Civil Appeals of Texas. Beaumont.
March 9, 1933.

Lewis Lanier, of Jasper, for appellants.

Garland Smith, of Jasper, for appellees.

O'QUINN, Justice.

Walton sued J. L. Grimes and his wife, Esther Grimes, to recover on a promissory

note in the sum of $170, dated November 1, 1926, due November 1, 1927, payable to A. N. Stone, and to foreclose a deed of trust lien on thirty acres of land executed to secure the payment of said note. His petition was filed November 2, 1931.

November 22, 1927, A. N. Stone, by written assignment, transferred the note and deed of trust lien to J. T. Martin, who, on October 5, 1931, transferred same to appellee J. C. Walton. Stone died April 8, 1931, testate, and Jack Ward was duly appointed and qualified as executor of his estate, May 6, 1931.

November 27, 1931, Walton filed his amended petition making Martin and Ward, executor of the estate of Stone, parties defendant.

Defendants Grimes and wife answered by general demurrer, general denial, and specially pleaded the statute of four years' limitation, article 5520, R. S. 1925 (as amended by Acts 1931, c. 136, § 2 [Vernon's Ann. Civ. St. art. 5520]) against both the note and the deed of trust lien.

Defendants Martin and Ward answered admitting the facts alleged in plaintiff Walton's amended petition but specially plead that they were not primarily liable on the note sued on, but were liable only as indorsers thereon, and prayed that, in the event judgment was rendered against them in any sum, they have judgment over against J. L. Grimes and his wife, Esther Grimes, for said sum and for a foreclosure of the deed of trust lien, and relief generally.

The defendants Grimes and wife answered the plea of defendants Martin and Ward by general demurrer, general denial, and by special plea of the statute of four years' limitation against the note and the deed of trust lien.

The case was tried to the court. Defendants Grimes admitted that the note had not been paid. Over the objections of said defendants the note and the deed of trust, together with the several transfers thereof, were admitted in evidence, and the court rendered judgment denying appellee Walton any relief against defendants J. L. Grimes and his wife, Esther Grimes, because it appeared that the note and lien were barred by the four-year statute of limitation, as to said defendants, but granted judgment in favor of Walton against defendants Martin and Ward on the note, and a foreclosure of the deed of trust lien on the land; and, in the event Martin was required to pay the judgment, that he have judgment against the estate of Stone, and that if said estate had to pay the judgment, then that said estate have judgment over against the defendants J. L. Grimes and his wife, Esther Grimes, for the amount of the note and for foreclosure of the deed of trust lien.

Motion for a new trial was overruled, and the defendants J. L. Grimes and wife bring this appeal.

■ The note sued on was dated November 1, 1926, and was due and payable on November 1, 1927. The deed of trust was given to secure the payment of the note. The suit was filed for judgment on the note and for foreclosure of the deed of trust lien on November 2, 1931. Article 5520, R. S. 1925, as amended by Acts 1931, c. 136, § 2 (Vernon's Ann. Civ. St. art. 5520) provides that actions to recover real estate by virtue of superior title retained by the vendor in a deed of conveyance or purchase money note, or actions for the foreclosure of vendor's liens on real estate, or actions to foreclose deeds of trust or mortgage liens on real estate, shall be commenced and prosecuted within four years after the cause of action has accrued, and not afterward. This action falls within the class of actions there enumerated, and it appearing that the cause of action accrued on November 1, 1927, the due date of the note, and suit being filed November 2, 1931, the cause of action was barred by the statute of limitation. The lien existing by virtue of the note was also barred. The judgment of the court denying appellee J. C. Walton judgment against appellants J. L. Grimes and wife, Esther Grimes, because said note and lien were thus barred, was correct, and that part of the judgment is affirmed. Article 5520, R. S. 1925 (as amended by Acts 1931, 42d Leg., p. 230, c. 136, § 2 [Vernon's Ann. Civ. St. art. 5520]). Eastland Lodge 467, A. F. & A. M. v. Stubblefield (Tex. Civ. App.) 13 S.W.(2d) 123 (writ refused); Fleming v. Todd (Tex. Civ. App.) 42 S.W.(2d) 123.

■■ But it is insisted by appellee Walton that the judgment must be affirmed because Stone transferred the note and lien to Martin on November 22, 1927, and that Stone died April 8, 1931, and Ward, executor of Stone's will, did not qualify until May 6, 1931, the statute of limitation did not run during the twenty-eight days between April 8, 1931, and May 6, 1931, and as he sued Ward, Stone's executor, and Martin on November 27, 1931, four years had not elapsed from the date of the transfer from Stone to Martin, November 22, 1927, and his cause of action against the estate of Stone and against Martin, as indorser of the note by transfer, was not barred; and, he being entitled to judgment against the indorsers of the note, they were entitled to judgment against their principals, and hence to judgment against appellants J. L. Grimes and his wife, Esther Grimes, and to a foreclosure of the deed of trust lien.

This contention is not sound. As we have above held, the note and lien were barred

by the four years' statute of limitation. Had Stone lived and continued to be the owner and holder of the note, at the end of four years from its due date, November 1, 1931, he could not have had judgment on the note, nor foreclosure of the deed of trust lien. Subsequent holders of the note and lien had no better or greater right than did the original holder. The statute of limitation, article 5520, was duly pleaded by the defendants Grimes and wife against the cause of action asserted by appellee Walton, and also against that asserted by Ward, Stone's executor, and Martin. As the original holder of the note and lien could not have, as against the plea of limitation, maintained suit on the note and lien, neither can any of the subsequent holders do so, for the note and lien being barred in the hands of one, they were barred in the hands of the other. So the judgment in favor of Stone's executor, Ward, against appellants, the Grimeses, on the note and for foreclosure of the deed of trust lien, was unauthorized; and is here reversed and rendered for appellants. Likewise, the judgment in favor of Walton and Martin for foreclosure of the lien is reversed and declared of no force. This must be so, because article 5520, R. S. 1925 (as amended by Acts 1931, 42nd Leg., p. 230, c. 136, § 2 [Vernon's Ann. Civ. St. art. 5520]), provides: " * * * No power of sale conferred by any deed of trust or other mortgage on real estate executed on or subsequent to the 1st day of July, 1913, or that may hereafter be executed, shall be enforced after the expiration of four (4) years from the maturity of the indebtedness secured thereby, and any such sale under such powers after the expiration of such times, shall be void, and such sale may be enjoined and the lien created in any such deeds of trust or mortgages * * * and as to all deeds of trust or mortgages as were executed on or subsequent to the 1st day of July, 1913, or that may hereafter be executed, the lien created thereby shall cease to exist four (4) years after the maturity of the debt secured thereby." It is seen that, under this statute, the right to a foreclosure of the deed of trust lien is specifically denied, thus destroying all right to bring and maintain a suit for the foreclosure of deed of trust and mortgage liens on real estate after the lapse of four years from the maturity of the debt, to secure the payment of which the lien was given.

Neither Ward, the executor of Stone's estate, nor Martin, against whom judgment was rendered in favor of Walton on the note, appealed from said judgment; so as to these judgments nothing is before us.

As above indicated, the judgment is affirmed in part, and in part reversed and rendered.