**YATES et al. v. DARBY.**

No. 3072.

Court of Civil Appeals of Texas.
Beaumont.

March 18, 1937.

Rehearing Denied April 7, 1937.

Gunter & Watson, of Pt. Arthur, for appellants.

Crook & Cunningham, of Beaumont, for appellee.

O'QUINN, Justice.

This appeal is from a judgment of the Sixtieth district court of Jefferson county, establishing the superiority of a lien on real estate in a contest between appellee Darby and appellants who constitute the board of trustees of the Port Arthur Independent School District. The cause was tried to the court on an agreed statement of facts. Among others, the following facts appeared:

(a) On December 25, 1919, appellants owned in fee-simple title lots 4, 5, and 6 in block 479 of the city of Port Arthur, Jefferson county, Tex. On that date, December 25, 1919, appellants conveyed said property by warranty deed to C. D. Jones, for a consideration of $2,800 of which $500 was paid in cash and Jones executed and delivered to appellants his vendor's lien note for $2,300. This note was payable in 76 installments of $30 each, and one for $20. The first installment was due and payable on January 5, 1920, and one installment on the 5th day of each succeeding month until the full amount of said note was paid. The note bore interest at the rate of 8 per cent. payable monthly. The vendor's lien was retained in said note and deed to secure the payment of the note. The deed to Jones was duly recorded.

(b) On March 27, 1924, Jones, joined by his wife, conveyed the property to Peter Smith by warranty deed, which was filed for record April 3, 1924. The consideration recited in this deed was $1 and the assumption by Smith of the unpaid balance of the Jones vendor's lien note, amounting to $1,640.

(c) The last and final installment of the $2,300 vendor's lien note fell due on May 5, 1926. On that date there remained a considerable balance due on the note. On May 5, 1930, the note had not been discharged. On May 6, 1930, the last installment was more than four years past due, and so, under article 5520, R.S.1925, the balance due on said note was barred by limitation. There was no extension of the note, or of any installment thereof as permitted by article 5522, R.S.1925.

(d) On August 17, 1932, appellee, Darby, recovered judgment against Peter Smith in the district court of Jefferson county, in the sum of $2,789.10, together with interest thereon from the date of the judgment at the rate of 8 per cent. per annum. This judgment was afterwards reduced to $1,789.10 by virtue of the sale of certain property as provided for in the judgment against Smith. This judgment was, on August 17, 1932, duly abstracted, indexed, and filed for record and recorded in the judgment records of Jefferson county.

(e) On January 31, 1933, appellants advanced to Peter Smith the sum of $219.01 in cash for the payment of taxes due on the property involved.

(f) On February 1, 1933, Peter Smith conveyed the property involved to appellants by warranty deed. The recited consideration for this conveyance was $10 and other good and valuable considerations. This deed was duly acknowledged and recorded in the deed records of Jefferson county, Tex. It appears that the actual consideration for the deed was the unpaid balance owed by Smith on the vendor's lien note and the amount advanced to Smith to pay taxes on the property before mentioned, amounting to $1,308.34, consisting of $950 principal and $139.33 interest, and $219.01 for taxes. It is not contended that appellee had either actual or constructive notice of the actual consideration for the execution of the deed.

(g) On February 2, 1933, appellants entered into a written contract with Peter Smith wherein they agreed to reconvey to him the said property, conditioned upon his payment to them of $1,308.34, same to be paid in 260 monthly installments of $5 each, and one installment of $8.34, which contract or agreement was not placed of record, and of which appellee had no actual or constructive notice.

(h) On February 2, 1933, Smith executed his installment note in the sum of $1,308.34,

payable to appellant in 260 monthly installments of $5 each, and one for $8.34, said note made to evidence the consideration in said conditional sales agreement.

(i) Peter Smith defaulted in the payment of his obligations under this conditional sales contract and voluntarily abandoned the property to the appellants, trustees of said school district, subsequent to the filing of this suit, and appellants, as such trustees, repossessed the property by reason of the cancellation of their conditional sale agreement with Smith.

(j) On February 8, 1934, Peter Smith was adjudged a bankrupt in the federal court, and has been discharged in bankruptcy.

Appellee, as plaintiff below, brought this suit to establish his judgment lien against the property in question, lots 4, 5, and 6 in block 479 of the city of Port Arthur, Tex., and to foreclose said judgment lien against same as the property of Peter Smith, his judgment debtor. Appellants, trustees of the Port Arthur Independent School District, defendants below, in their answer set up the original sale of the property to C. D. Jones and the retention of the vendor's lien to secure the payment of the purchase money note, which was also reserved in the deed of conveyance; the sale of the property by Jones and wife to Peter Smith; the assumption of the unpaid balance of the vendor's lien note by Smith which obligation he had not discharged; asserted that they had and held a first and valid lien on the property by reason of the unsatisfied vendor's lien, and also a first lien by reason of the advancement to Smith of money with which to pay taxes on said property, which had not been repaid; and that their said liens were superior to the judgment lien asserted by appellee. They pleaded other defenses which we do not deem necessary to mention. Smith was brought into the suit by appellants and answered admitting the allegations of fact pleaded by appellants, and specially pleaded his discharge in bankruptcy. He was discharged on his plea of bankruptcy, and the court entered judgment holding appellee's judgment lien superior to the lien asserted by appellants, and gave appellee judgment foreclosing his said lien. The case is before us for review.

■■■ We think the judgment establishing the judgment lien as superior and foreclosing same, must be affirmed. As shown by the agreed statement of facts, appellee obtained his judgment against Smith and

duly and properly abstracted and placed same of record on August 17, 1932, when Smith was the owner and in possession of the land in controversy. At said date, the last of the installments to be paid on the vendor's lien note held by appellants against said property, was more than four years past due. The note and lien were never renewed or extended as permitted by article 5522, R.S.1925, and so under article 5520, R.S.1925, as amended by Acts 1931, 42nd Leg. c. 136, p. 230 (Vernon's Ann.Civ.St. art. 5520) the note and each installment thereof were conclusively presumed to have been paid, and the lien ceased to exist. Appellee's judgment lien, therefore, attached to said property at a time when there was no enforceable lien against it, and was superior to any lien appellants could assert by reason of their subsequent dealings with Smith touching the property. Pecos Mercantile Co. v. McKnight (Tex.Civ.App.) 256 S.W. 933 (writ refused).

The insistence by appellants that even though the note and all installments of payments to be made thereon were more than four years past due, not having actually been paid, they could summarily seize the property out of court, and by thus regaining possession of same assert and retake the absolute and fee-simple title to same, and so defeat appellee's judgment lien against the land. In the first place we fail to find in the record where such out of court seizure was taken, and so that issue was not raised by the facts. Secondly, we find that on January 31, 1933, Smith was in possession of the property for on that date appellants advanced to him money with which to pay taxes on the property. Appellee's judgment lien was created on August 17, 1932, by the recording of an abstract of his judgment. The note was then more than four years past due, and the lien securing the payment of the note had long ceased to exist. Moreover, on February 1, 1933, Smith conveyed the property to appellants for a recited consideration of $10 and other good and valuable considerations. The actual consideration for the conveyance was the unpaid balance on the original note, $950, interest on that sum, $139.33, and the sum of $219.01 advanced to him for taxes on the property, amounting to $1,308.34. This is not disputed, but it further appears that on the next day, February 2, 1933, appellants took Smith's note for that amount $1,308.34, payable in 260 installments of $5 a month, and one installment of $8.34, and at said time entered into a written agreement to reconvey the property to Smith when he had paid this note. This sale agreement was not placed of record, and appellee had no actual knowledge of same. It does not appear that at any stage of these dealings with appellants Smith ever vacated the premises or that appellants actually took exclusive possession of same, but, to the contrary, it does appear that Smith continued in possession, and made several of the monthly installment payments up to November 5, 1934, when he voluntarily abandoned the property, and appellants then took possession of same. All of this took place long after the original note was more than four years past due and as a matter of law conclusively presumed to have been paid, and after the lien had ceased to exist, and long after appellee's judgment lien had attached to the property on August 17, 1932. It cannot be said that the subsequent dealings of appellants with Smith when on February 1, 1933, he executed the deed conveying the property back to appellants, and the next day, executed to them his new note for $1,308.34, the amount he still owed on the original vendor's lien note, in virtue of appellants' written agreement with him to reconvey to him the property when he had paid the said note, amounted to a renewal and extension of the old note and lien, but same was evidently intended to have that effect because the new deal was for the identical property and for the identical amount remaining unpaid on the original transaction. Appellee's judgment lien attaching to the property when owned and possessed by Smith, relieved by law, article 5520, R.S. 1925, from the note and lien first held by appellants, could not be superseded, or made secondary by this manner of dealing with the property.

What we have said disposes of appellants' third assignment, to the effect that the vendor and vendee of land may renew in writing the original purchase money notes secured by the vendor's lien, more than four years after the last payment provided for in the purchase-money notes had become due, and thereby automatically renew and continue in force the vendor's lien and reservation of superior title upon and to the land for the payment of such renewed obligation, without showing such renewal of record, as against all persons, except those who allege and prove that they were innocent purchasers for value and without notice, after the expiration of four years from the last due

date of the original purchase-money note. In the first place, as we have said, no renewal was shown, and, secondly, appellee's judgment was obtained and abstract thereof placed of record after the original purchase-money note retaining the vendor's lien was more than four years past due. The contention under the assignment has no support in the facts.

■ The fourth assignment, in effect, is that where a vendee reconveys, by deed in writing duly placed of record, to the vendor in satisfaction of the unpaid purchase-money notes then in default more than four years after the last due date of such notes, such conveyance, even though after the notes are more than four years past due, reinvests absolute fee-simple title in the original vendor as against all persons, except those who allege and prove that they were innocent purchasers of the land after the expiration of four years from the last due date of the original purchase-money notes, and for a valuable consideration and without notice of the nonpayment of the said purchase-money notes, and thus acquire a right in law and equity superior to that of the original vendee. We do not believe that the question of "innocent purchaser" as that term is understood in law, is involved. Certainly appellee did not and does not pretend to have purchased the property from any person. He simply seeks to subject the property to his judgment lien provided by law, and which he insists attached to the property at a time and under such circumstances as to give him a superior lien on same, which he seeks to foreclose. The contest is whether his judgment lien is, under the facts and the law, superior to the claimed lien of appellants.

■ The fifth and sixth assignments urge, in effect, that where one, before the vendor's purchase-money notes are four years past due and while the vendor's lien and reservation of title securing the payment of such notes appear in the vendor's recorded conveyance to his vendee, are still in full force and effect, advances credit to the vendee, and obtains a judgment against the vendee for the credit so advanced, and abstracts his judgment, and duly records said abstract of judgment, after the vendor's original purchase-money note is more than four years past due, but without any consideration paid by the judgment owner to the judgment debtor, or any consideration whatever other than the consideration or credit advanced by the judgment holder to the judgment debtor at a time when the vendor's purchase-money notes were less than four years past due, and thus still in full force and effect, and secured by the superior vendor's lien, in a suit after said vendor's lien note is more than four years past due, against the vendor to establish the judgment lien as a superior lien and to foreclose said judgment lien, the plaintiff in such suit (the judgment lien holder) does not occupy the position of an innocent purchaser for value without notice, and his asserted judgment lien is not superior to the lien of the original vendor reserved in the vendor's lien note and deed.

If we understand appellants' contention, it is that appellee extended credit to Smith at a time before the vendor's lien note held by appellants and the payment of which Smith had assumed, was more than four years past due, and therefore, he having extended the credit, which was the consideration for the judgment, when the vendor's lien was not barred, and not having paid to Smith any further consideration afterwards, his lien was not superior to that of appellants, and the court erred in so holding.

We overrule this contention. It was immaterial at what time appellee extended credit to Smith. His judgment against Smith was based upon the debt Smith owed him. The judgment was obtained and properly abstracted and placed of record after the vendor's note and lien were more than four years past due, and attached to the property at once. That appellee should have purchased the property from Smith without notice of the claim of appellants, or that he should have paid to Smith additional consideration for the property, is not required by the law. Regardless of the question of consideration passing from appellee to Smith, the judgment lien having attached to the property after the lien and note of appellants had ceased to exist, he was entitled to judgment foreclosing his lien, and the court properly so held.

No error appearing, the judgment is affirmed.