**FAKES et al. v. VILVEN et al.**

No. 10617.

Court of Civil Appeals of Texas. Galveston.
July 21, 1938.

Rehearing Denied Sept. 22, 1938.

896

Mark G. Fakes, of Houston, for appellants.

Gammage, Gammage & Bauer, of Houston (Earl W. Gammage, of Houston, of counsel), for appellees.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, decree-ing that appellants take nothing against the appellees in their suit against them—in the nature of a trespass to try title action—for the title to and possession of 1½ lots of improved property in the City of Houston, wherein, in the alternative, the appellants had also prayed for the foreclosure of liens they claimed on the land by virtue both of a $1,750 vendor's lien note against it and of their alleged payment of delinquent taxes thereon, together with certain other relief.

The able trial judge supported its decree with these findings of fact and conclusions of law:

"Conclusions of Fact.

"1. I find that J. J. Cruse is the common source of title between plaintiffs and defendants; that said J. J. Cruse conveyed the property in question by general warranty deed, dated April 5, 1929, to defendants David B. Gillis and wife, Ann Elizabeth Gillis, and as part of the purchase price of said property said Cruse took a note of even date with the said deed, executed by David B. Gillis and wife, Ann Elizabeth Gillis, in the principal sum of $1,750.00, payable to the order of plaintiffs, S. E. Fakes and D. A. Fakes, three years after date, said plaintiffs having loaned said Gillis and wife the said sum; that as a further part of the purchase price of said property said Cruse took another note of even date with said deed, executed by David B. Gillis and wife, Ann Elizabeth Gillis, in the principal sum of $1,250.00, payable to the order of J. J. Cruse in monthly installments of $30.00 per month, beginning thirty days after date, said note providing for interest at the rate of eight per cent per annum, the interest to be deducted out of the monthly installments and the balance applied on principal; that in said deed vendor's liens were retained to secure said notes, the lien securing the $1,750.00 note being expressly made superior to the $1,250.00 note; and as additional security for said $1,750.00 note David B. Gillis and wife, Ann Elizabeth Gillis, executed a deed of trust to M. G. Fakes, Trustee, for the benefit of plaintiffs S. E. Fakes and D. A. Fakes, and as additional security for the $1,250.00 note David B. Gillis and wife, Ann Elizabeth Gillis, executed another deed of trust to M. G. Fakes, Trustee, for the benefit of J. J. Cruse or subsequent holders of said note.

"2. I find that said $1,750.00 note was never renewed or extended by David B.

Gillis and wife, Ann Elizabeth Gillis, the makers thereof, or by any one else, and that same matured on April 5, 1932, but that said S. E. Fakes and D. A. Fakes, the holders and owners of said note, did not take any action thereon until more than four years after maturity of said note, towit: on July 7, 1936, and September 1, 1936, when said M. G. Fakes, Trustee in said deed of trust securing said note, purported to make sales of the property in question to plaintiffs S. E. Fakes and D. A. Fakes under the alleged power conferred in said deed of trust.

"3. I further find, in this connection, that up to the time of four years after the maturity date of said $1,750.00 note, towit: on April 5, 1936, plaintiffs S. E. Fakes and D. A. Fakes had made no advancements for taxes or insurance as permitted in said deed of trust and at that time the only indebtedness which said deed of trust secured was the afore-mentioned $1,750.00.

"4. I find that taxes in the sum of $191.-05 were paid on said property by plaintiffs S. E. Fakes and D. A. Fakes on July 2, 1936, without the consent or permission of any of the defendants herein and that plaintiffs in paying said taxes aforesaid were mere volunteers.

"5. I find that defendant Vivian Vilven purchased the aforementioned $1,250.00 note, and all liens securing same, from J. J. Cruse with funds of her separate property and estate.

"6. I find that defendant Vivian Vilven took a quit-claim deed to the said property, dated April 17, 1936, from defendants David B. Gillis and wife, Ann Elizabeth Gillis, in cancellation of said $1,250.00 note held by her and that said property is the separate property and estate of said Vivian Vilven.

"7. I find that plaintiffs S. E. Fakes and D. A. Fakes have never been in possession of the premises in question and that defendant Vivian Vilven, at the time of the filing of this suit and long prior thereto, has been in possession of said premises.

"8. I find that the aforementioned $1,750.-00 note held by plaintiffs herein, which matured on April 5, 1932, has never been renewed or extended by any of the defendants to this suit or by any one else nor has the justness of the debt evidenced by said note been acknowledged in writing by any of the defendants herein or any one else.

"9. I find that about a year after the sale of the property in question to the defendants Gillis the defendant S. M. Vilven told plaintiffs' representative, M. G. Fakes, that he had previously taken a quit-claim deed to the property in question from David B. Gillis and wife, Ann Elizabeth Gillis, but I further find as a fact that no such deed was ever given and that the only deed given by said David B. Gillis and wife, Ann Elizabeth Gillis, was the said deed dated April 17, 1936, to defendant Vivian Vilven.

"10. I find that at the time of the aforementioned conversation defendant S. M. Vilven told plaintiffs' representative, M. G. Fakes, that he had taken over the property in question and orally agreed to account to said M. G. Fakes for the net revenue from said property and apply same on the interest accruing on the $1,750.00 note held by plaintiffs, but in this connection I find that there was no agreement to waive the statute of limitations, and that S. M. Vilven never requested said M. G. Fakes to withhold foreclosure proceedings, or to waive any rights under said note and deed of trust securing same. I further find that M. G. Fakes, plaintiffs' representative, did not agree to waive any rights under the $1,750.00 vendor lien note and the deed of trust securing same and that, at all times material hereto, said M. G. Fakes, plaintiffs' representative, relied on said vendor lien note and deed of trust securing same, and waived no rights thereunder.

"11. I find that the defendants Vivian Vilven, David B. Gillis and wife, Ann Elizabeth Gillis, had no agreement whatsoever with plaintiffs S. E. Fakes and D. A. Fakes, or their representative, M. G. Fakes, in regard to the property in question.

"12. I find that plaintiffs' representative, M. G. Fakes, thought the $1,750.00 note held by plaintiffs S. E. Fakes and D. A. Fakes was a four year note instead of a three year note and matured on April 5, 1933, and therefore would not become barred by the four year statute of limitation until April 5, 1937.

"13. I find that plaintiffs S. E. Fakes and D. A. Fakes did not elect to stand on any superior title, if any they had, but elected to foreclose under the deed of trust aforementioned securing their note by trustee's sales held on July 7, 1936, and September 1, 1936.

"14. I find that this suit was instituted by plaintiffs on September 4, 1936.

"Conclusions of Law.

"I conclude from the above facts and the testimony introduced herein that plaintiffs' aforementioned $1,750.00 note and all liens securing same were barred by the four year statute of limitation at the time of the trustee's sales aforesaid and passed no title to the purchasers at said sales; that defendants David B. Gillis and wife, Ann Elizabeth Gillis, and S. M. Vilven and wife, Vivian Vilven, are entitled to plead the four year statute of limitation as against plaintiffs' aforementioned note and all liens securing same; that no trust was created herein; that the oral agreement between M. G. Fakes and S. M. Vilven is without consideration and is in violation of the statute of frauds; and that plaintiffs S. E. Fakes and D. A. Fakes should take nothing by their action herein against any of the defendants.

"Norman Atkinson
"Judge District Court, Harris County,
Texas, 11th Judicial District."

In this Court appellants do not attack any of the quoted findings of fact as lacking support in the evidence, but assail the conclusions of law appended thereto through a number of assignments and propositions, contending that judgment in their favor should have been entered upon the facts so found, in the main making these supporting contentions:

(1) That the court erroneously held appellants' $1,750-note and the vendor's lien securing it to be barred by the four-year statute of limitations, as well as that the appellees were in position to plead the bar of that statute;

(2) That, there being no question of limitations, in any event the second sale of the property made by them under their deed of trust was in all respects a valid and binding one;

(3) That their first sale under their deed of trust—having been for a less sum than the amount of taxes due and owing within the four-year period, which was so held to have barred their note—was in any event likewise a good and valid sale of the property, hence their second sale had been thereby rendered unnecessary;

(4) That the dealings of appellee S. M. Vilven with appellants' representative, M. G. Fakes, really created a trust relationship between the appellees and the appellants, which not only left the former in no position to plead limitation against the latter, but also constituted whatever possession of the property the appellees had at any time as a joint one along with the appellants, rather than as one inuring to the benefit of the appellees, alone, as held by the trial court;

(5) That, if the quit-claim deed given by Gillis and wife to Mrs. Vilven is of any effect, then appellants are entitled to share in any benefit that may be derived thereunder, as any other result would do violence to the trust relationship so shown to have arisen between the parties;

(6) There was grievous error in the trial court's holding that appellants were mere volunteers in paying the delinquent taxes they were found to have paid, since, under the terms of the deed of trust they held, as well as under the law applicable thereto, the appellants were within their rights in so making such payments.

None of these contentions, it is determined, should be sustained. On the contrary, the trial court correctly applied the law to the stated facts, which must here be regarded as having been fully established.

██ The rationale of the claim for error in the holding that the $1,750-note and its attending liens was barred by the four-year statute is that the use of the words "subject to, however, and without assuming any indebtedness thereon, if any", which were contained in the quit-claim deed from David B. Gillis and wife to Vivian Vilven, is an acknowledgment by appellees, S. M. Vilven and wife, Vivian Vilven, and David B. Gillis and wife, Ann Elizabeth Gillis of the justness of appellants' note, and is sufficient to take the note out of the operation of the statute of limitation, under such authorities as Amonette v. Taylor, Tex.Civ.App., 244 S.W. 238, and Stein v. Hamman, 118 Tex. 16, 6 S.W.2d 352, 9 S. W.2d 1104. But the facts here make that reasoning inept and that line of cases distinguishable; there was in this instance no express nor unconditional acknowledgment by Mrs. Vilven of the justness of appellants' $1,750-note sufficient to take it and its securing liens out of the operation of that statute, for these among other considerations: In addition to the other attending circumstances recited in the findings, which the learned trial court properly held barred both the note and the lien, an inspection of the terms of that quit-claim repels any inference that it was thereby intended to acknowledge, on Mrs. Vilven's

part, that any indebtedness whatever existed against the land she was so taking a chance at a title to, let alone the existence and justness of the particular note appellants claim under; wherefore, the sole appearance of the quoted clause appellants thus alone depend upon for the effect claimed is clearly contra to R.S.Article 5520, Vernon's Ann.Civ.St. art. 5520, and art. 5539, as well as to such decisions as those in Meyer v. Andrews, 70 Tex. 327, 7 S.W. 814, Elsby v. Luna, Tex.Com.App., 15 S.W.2d 604, and Krueger v. Krueger, 76 Tex. 178, 12 S.W. 1004, 7 L.R.A. 72.

Not only so, but further, as against appellants' subsidiary contention to the effect that appellees were in no position to rely upon such statute, it seems clear that appellee, Vivian Vilven, being the owner of a second lien on this property, could assert the statute of limitations as against the prior lien held by appellants, even though her second lien provided that it was subject to appellants' first lien, in that, such recital was only an acknowledgment of the then priority of appellants' first lien and did not estop her from asserting that thereafter appellants' first lien became barred by the four-year statute, particularly since her co-appellees, David B. Gillis and wife, also pleaded limitation, and she, Vivian Vilven, was in privity with them by having so obtained a quit-claim deed from them.

On the legal equivalent of the same facts, such is the rule of law under these authorities: Johnston v. Lasker Real Estate Ass'n, 2 Tex.Civ.App. 494, 21 S.W. 961; Pecos Mercantile Co. v. McKnight, Tex.Civ.App., 256 S.W. 933, writ refused; Caffarelli Bros. v. Pearce, Tex.Com.App., 34 S.W.2d 813; Cathey v. Weaver, 111 Tex. 515, 242 S.W. 447; McMullen v. Hammann, Tex. Civ.App., 34 S.W.2d 909; Scott v. Sloan, 3 Tex.Civ.App. 302, 23 S.W. 42; Levy v. Williams, 20 Tex.Civ.App. 651, 49 S.W. 930, 50 S.W. 528; Novosad v. Svrcek, Tex. Civ.App., 84 S.W.2d 247; Skaer v. First Nat. Bank, Tex.Civ.App., 293 S.W. 228, writ refused 50 S.W. 528; Moran v. Midland Farms Co., Tex.Civ.App., 282 S.W. 612; McKeen v. James, 87 Tex. 193, 25 S. W. 408, 27 S.W. 59; Wood on Limitations, 4th Ed., Vol. 1, p. 142, par. 41; 17 R.C.L., 963, par. 332; 37 Corpus Juris, 917.

Appellants' insistence upon error in the court's holding that their payment of taxes in the circumstances was voluntary, is likewise thought to be untenable; their deed of trust was secured solely by the $1,750-note they held, they waited over four years after that note's maturity before taking any action whatever under such deed of trust, knowing at that time—as they must be held to have known—that their debt had then become barred by the four-year statute, and then—still prior to paying the taxes, as the court found—they unsuccessfully attempted, as shown by the undisputed evidence, to get an extension of their note and lien.

Not only so, but their representative, Hon. M. G. Fakes, only paid the taxes for them after discovering that their note was then more than four years past due, having theretofore thought it was a four instead of a three-year note on its face; such being the determined and indisputable facts upon this phase of the controversy, it seems indubitable that the belated tax payment was voluntary. Goldfrank & Co. v. Young, 64 Tex. 432; Rudolph v. Hively, Tex.Civ. App., 188 S.W. 721, writ refused; Howard v. Stahl, Tex.Civ.App., 211 S.W. 826; Grimes v. Walton, Tex.Civ.App., 58 S.W.2d 862; Fleming v. Todd, Tex.Civ.App., 42 S.W.2d 123; Yates v. Darby, Tex.Civ.App., 103 S.W.2d 1007; Johnson v. Steele, Tex. Civ.App., 87 S.W.2d 785; Art. 5520, R.S. 1925, as amended in 1931, Vernon's Ann. Civ.St. art. 5520.

Finally, since it likewise without dispute appears that appellants in this instance were assignees of merely one vendor's lien note, without any assignment to them by the vendor of any superior title to the land the note related to, and since they elected to foreclose under such deed of trust instead of undertaking to stand upon any claimed superior title to the land, they did not possess the superior title to this land, hence, when their note so became barred by limitation, they could neither recover the land nor collect their note, as against the several pleas of limitation so declared upon by the two sets of appellees. Neal v. Pickett, Tex.Com.App., 280 S.W. 748, syl. 15; Allen v. Allen, 101 Tex. 362, 107 S.W. 528; Fleming v. Todd, Tex. Civ.App., 42 S.W.2d 123; Yates v. Darby, Tex.Civ.App., 103 S.W.2d 1007; Grimes v. Walton, Tex.Civ.App., 58 S.W.2d 862; Bank of Washington v. Moore, Tex.Civ. App., 290 S.W. 184, affirmed Com.App., 296 S.W. 868; Farmers' Loan Co. v. Beckley, 93 Tex. 267, 54 S.W. 1027; Stephens v. Matthews' Heirs, 69 Tex. 341, 6 S.W. 567;

Hatton v. Bodan Co., 57 Tex.Civ.App. 478, 123 S.W. 163; Douglass v. Blount, 95 Tex. 369, 67 S.W. 484, 58 L.R.A. 699; Art. 5520, R.S.1925, as amended in 1931 Vernon's Ann. Civ.St. art. 5520.

It follows from these conclusions that the judgment should be affirmed; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.